THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. PATRICK J. CARROLL, Petitioner-Appellant.

First District (4th Division) No. 83—2277

Opinion filed February 28, 1985.

James J. Doherty, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Petitioner, Patrick J. Carroll, appeals from the judgment of the circuit court of Cook County dismissing his petition for post-conviction relief without an evidentiary hearing. (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*) He contends that the trial court erred by granting the State's motion to dismiss.

On December 2, 1982, petitioner filed a *pro se* post-conviction petition stating that he was arrested and charged by information with possession of a controlled substance and possession of cannabis. He engaged private counsel, who filed a pretrial motion to suppress which was sustained. Thereafter a finding of no probable cause was entered. Seven months later petitioner was indicted and rearrested on the same charges. Petitioner rehired his defense counsel, and the cause was assigned to the present judge. Defense counsel again presented a motion to suppress the evidence which previously had been suppressed, but the motion was denied. A bench trial followed and petitioner was found guilty as charged. On direct appeal the convictions were affirmed. *People v. Carroll* (1981), 102 Ill. App. 3d 1198 (Rule 23 order).

Petitioner alleged in his post-conviction petition that he was denied his constitutional right to the effective assistance of trial counsel because his defense attorney failed to object at his trial to the State's presentation of the evidence which had previously been suppressed. A supplemental petition was filed on behalf of the petitioner along with transcripts of the hearing on the original motion to suppress, the preliminary hearing, and the trial proceedings herein. The State filed a motion to dismiss the post-conviction petition. At the hearing on that motion the trial court dismissed the petition.

Petitioner contends that the trial court erred in dismissing his petition because the facts alleged were sufficient to warrant the granting of post-conviction relief. He maintains that the original order sustaining his motion to suppress was binding on the subsequent trial court

and that his counsel failed to apprise the trial court of the previous order. He further maintains that the original order to suppress was undisclosed in the record on direct appeal and therefore was not subject to direct review precluding application of waiver or res judicata.

■■ The standard for judging any claim of ineffective assistance of defense counsel is whether the representation is so constitutionally deficient that it produced substantial prejudice to the defendant without which the result would probably have been different. (*People v. Royse* (1983), 99 Ill. 2d 163, 457 N.E.2d 1217.) The purpose of the sixth amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding, and an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) Constitutional issues which were not raised on direct appeal because their factual basis was not in the record may, under certain circumstances, be raised in a post-conviction petition. (*People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436.) The alleged incompetence of counsel can properly be raised in a post-conviction proceeding, though not raised on direct appeal, where the factual basis is not of record and therefore not subject to direct review. *People v. Stepheny* (1970), 46 Ill. 2d 153, 263 N.E.2d 83; *People v. Perez* (1983), 115 Ill. App. 3d 446, 450 N.E.2d 870.

■■ Here, the transcripts in all proceedings involving the charges of which the defendant was found guilty were presented to the trial court at the post-conviction hearing. The order to suppress was binding upon the trial court (Ill. Rev. Stat. 1979, ch. 38, par. 114—12(b)), and defense counsel's failure to apprise the trial court thereof was prejudicial to the defendant and adversely affected the outcome of his case. This issue could not have been raised on direct appeal because it did not appear in the trial record, and it was therefore not waived.

The judgment of the circuit court of Cook County dismissing the post-conviction petition is reversed, and the cause is remanded with directions to vacate the convictions entered against petitioner and to grant a new trial.

Reversed and remanded.

LINN and ROMITI, JJ., concur.