THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD ALLEN KUJAWA, Defendant-Appellant.

Third District   No. 3—84—0604

Opinion filed April 25, 1985.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Ronald Allen Kujawa, appeals from the trial court's denial of his motion to vacate a guilty plea. The defendant pleaded guilty to residential burglary and armed violence based upon residential burglary. He was sentenced to concurrent terms of imprisonment of 20 years for armed violence and 15 years for residential burglary.

On appeal, the defendant asserts that his sentence is excessive and that the conviction for residential burglary must be vacated. Because we find that the residential burglary conviction must be vacated and therefore remand for resentencing, we do not address the defendant's assertion that the sentence was excessive.

■ It is well established that a defendant may not be convicted of both armed violence and the felony on which the charge of armed violence is predicated. (*People v. Payne* (1983), 98 Ill. 2d 45, 456 N.E.2d 44.) The alleging of the predicate felony in the armed violence charge has the effect, upon conviction, of making the predicate felony a necessarily included offense. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479.) Where judgment is entered on both armed violence and the predicate felony, the conviction for the lesser included offense must be vacated.

The State asserts that the residential burglary conviction need not be vacated because the defendant consented to the conviction as a part of the plea agreement. We find, however, that the defendant's consent does not cure the improper nature of the multiple convictions. The defendant may not agree to have done what the State cannot lawfully do.

We, therefore, vacate the defendant's conviction of residential burglary. Because we vacate the conviction, we remand the cause for re-sentencing on the armed violence conviction alone. Accordingly, we do not now consider whether the sentence imposed in the instant cause was excessive.

The judgment of the circuit court of Will County is vacated as to the conviction for residential burglary, the conviction of armed violence is af-firmed, the sentence imposed on the armed violence conviction is vacated and the cause is remanded for resentencing.

Affirmed in part; vacated in part and remanded.

BARRY and WOMBACHER, JJ., concur.