THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN M. HOUSE, Defendant-Appellant.

Fifth District    No. 5—85—0380

Opinion filed March 4, 1986.

Bernard A. Paul, of Marion, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Debra Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, John M. House, was convicted after a jury trial in the circuit court of Williamson County for unlawful possession of a controlled substance. He was sentenced to two years' imprisonment. On appeal, defendant claims (1) the court erroneously denied his motion to suppress evidence, specifically illegal drugs, (2) the court erred in giving the jury People's instructions Nos. 12 and 13, and (3) the State failed to prove him guilty beyond a reasonable doubt. We affirm.

Defendant was driving his pickup truck through the village of Energy at 9:50 p.m. on October 17, 1984. Energy police officer Kenneth Ingersoll was on patrol that night, and with the use of his radar gun, determined defendant's vehicle to be traveling at 49 miles per hour in a 35 mile per hour zone. Officer Ingersoll followed the truck into the city of Herrin and activated his lights, and defendant pulled into a gas station and stopped. The State and defendant agree on the facts to this point.

Officer Ingersoll testified that defendant got out of the truck and began walking toward the patrol car. Ingersoll met him just behind the cab of the truck. The officer asked defendant for his driver's license. Ingersoll then stepped toward the truck and looked inside, using his flashlight for illumination. He stated he wanted to determine if anyone else was in the vehicle. On the floorboard of the driver's side, the officer could see a clear plastic bag containing a white substance in block form, a small amber-colored bottle that also had a white substance inside, a bag containing a green leafy substance, and a portion of a straw. Officer Ingersoll asked defendant whose items these were, and defendant told him he had no idea. Defendant was placed under arrest, then Officer Ingersoll did an inventory search of the vehicle.

Defendant was taken to the sheriff's office, where another officer tested the white substance found in the truck. A test showed it to be cocaine. Officer Ingersoll and two other officers who were present during the testing stated that while the test was being conducted in defendant's presence, defendant made the statement the substance

was "80 proof."

The State's evidence also included testimony from Tom Cundiff and Robert Jennings, police officers from Herrin, who came to the gas station where defendant had been stopped, to serve as a backup for Officer Ingersoll. They testified that after Ingersoll had taken the bags of white powder out of the pickup truck, defendant said, "That's all you'll find."

Defendant testified that he had not seen the bags of cocaine in his truck before he wa stopped, that they were not in plain view and that he did not know they were there. He also claimed Officer Ingersoll had grabbed the packages from under the seat. He further stated that he operated a carpeting business and that three work crews had access to the truck. Defendant explained that the statement referred to by the Herrin officers had nothing to do with acknowledging the discovery of drugs and was taken out of context. He testified that the statement meant the police would find nothing in luggage which was on the front seat of the pickup. He stated that what he really said was, "There's nothing in my suitcases." Defendant also denied making any statement that the cocaine was 80 proof.

■■ Defendant first claims the court erred in denying his motion to suppress the evidence of what was found in his pickup truck. He claims the evidence was found during a warrantless search, and that no exceptions to the warrant requirement apply. The trial court's decision regarding a defendant's motion to suppress will not be disturbed unless it is found to be manifestly erroneous. (*People v. Stewart* (1984), 105 Ill. 2d 22, 41, 473 N.E.2d 840, 849, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 283, 105 S. Ct. 2666.) We find the plain view doctrine justified the court's denial of the motion in the present case.

■ The leading case on the plain view doctrine is *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022, where the United States Supreme Court determined that the doctrine permitted the warrantless seizure by police of private possessions where three requirements are satisfied: (1) the police officer must lawfully make an initial intrusion or otherwise properly be in a position from which he can view a particular area; (2) the officer must discover evidence inadvertently, meaning he may not know in advance the location of the evidence and intend to seize it relying on the plain view doctrine only as a pretext; and (3) it must be immediately apparent to the police that the items they observed may be evidence of a crime, contraband, or otherwise subject to seizure. 403 U.S. 443, 464-71, 29 L. Ed. 2d 564, 582-86, 91 S. Ct. 2022, 2037-41.

The present case is very similar to a case recently decided by the

United States Supreme Court. In *Texas v. Brown* (1983), 460 U.S. 730, 75 L. Ed. 2d 502, 103 S. Ct. 1535, a police officer had observed items inside a car while standing outside the vehicle, after having stopped it at a routine driver's license checkpoint. The court held:

"The general public could peer into the interior of Brown's automobile from any number of angles; there is no reason Maples should be precluded from observing as an officer what would be entirely visible to him as a private citizen. There is no legitimate expectation of privacy [citations] shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers." (460 U.S. 730, 740, 75 L. Ed. 2d 502, 512-13, 103 S. Ct. 1535, 1542.)

The Court concluded the police conduct in *Brown* did not constitute a search within the meaning of the fourth amendment. Illinois courts have reached the same conclusion in similar circumstances. See *People v. Caserta* (1984), 123 Ill. App. 3d 608, 612-14, 463 N.E.2d 190, 193-94; *People v. Davis* (1981), 93 Ill. App. 3d 217, 223-24, 416 N.E.2d 1197, 1202-03.

It does not matter here that Officer Ingersoll used a flashlight to see into the cab of the truck. In *Brown*, the officer had also used a flashlight to see into the car. The Supreme Court held, as Illinois courts have, that use of a flashlight to illuminate a darkened area in plain view simply does not constitute a search, and thus triggers no fourth amendment protection. (*Texas v. Brown* (1983), 460 U.S. 730, 740, 75 L. Ed. 2d 502, 512, 103 S. Ct. 1535, 1542. See also *People v. Sturlic* (1985), 130 Ill. App. 3d 120, 125, 474 N.E.2d 1, 5; *People v. Caserta* (1984), 123 Ill. App. 3d 608, 613, 463 N.E.2d 190, 194.) Nor did it matter that Officer Ingersoll changed his position to see the floorboard of the truck. *Texas v. Brown* (1983), 460 U.S. 730, 740, 75 L. Ed. 2d 502, 512, 103 S. Ct. 1535, 1542.

There is no allegation by defendant here that Ingersoll had no probable cause to stop him. Once the truck was legally stopped, the officer had a right to look into its open interior to see what was in plain view (*People v. Thomas* (1979), 75 Ill. App. 3d 491, 493, 394 N.E.2d 624, 627), just as any passerby might have done. Nor is there any indication that Ingersoll knew in advance that drugs were on the floorboard and relied on the "plain view" doctrine only as a pretext. See *Texas v. Brown* (1983), 460 U.S. 730, 737, 75 L. Ed. 2d 502, 510, 103 S. Ct. 1535, 1540.

However, defendant argues that it was not immediately apparent to Officer Ingersoll that the items observed may have been evidence of

a crime. The Supreme Court in *Brown* modified the "immediately apparent" requirement of *Coolidge*, and restated the rule to be that the seizure of property in plain view is presumptively reasonable assuming that there is probable cause to associate the property with criminal activity. (*Texas v. Brown* (1983), 460 U.S. 730, 741-42, 75 L. Ed. 2d 502, 513, 103 S. Ct. 1535, 1543. See also *People v. Testa* (1984), 125 Ill. App. 3d 1039, 1043, 466 N.E.2d 1125, 1130.) Here, Officer Ingersoll saw a bottle containing a white substance, a plastic bag containing a white substance in block form, and a plastic bag containing a green leafy substance. Officer Ingersoll testified that from his experience the leafy substance appeared to be cannabis, and that the white substance looked like cocaine. Under these circumstances, Officer Ingersoll had probable cause to believe these items were evidence of a crime.

Consequently, the three requirements of the plain view doctrine being met, we find the trial court's denial of defendant's motion to suppress evidence was not manifestly erroneous.

■ Defendant next contends the court erred in giving the jury People's instructions Nos. 12 and 13 instead of defendant's instruction No. 1. Instruction No. 12, which is Illinois Pattern Jury Instruction (IPI), Criminal, No. 17.12 (2d ed. 1981), stated: "A person commits the offense of possession of a controlled substance when he knowingly possesses a controlled substance." Instruction No. 13, which is IPI Criminal 2d No. 17.13, stated in part, that to sustain the charge of possession of a controlled substance, the State must prove the "defendant knowingly possessed less than 30 grams of a substance containing cocaine, a controlled substance."

At the instruction conference, defendant argued that instead of these two instructions, the court should have given the jury his instruction No. 1, which stated:

"To sustain the charge of possession of a controlled substance, the State must prove the following propositions:

That the defendant had knowledge of the presence of cocaine, a controlled substance; and

That the defendant had immediate possession and control of the controlled substance."

Defendant argues that the knowledge and possession elements of the crime should be listed in separate paragraphs of the instruction, so as to insure the jury resolves both issues of fact. He claims by use of People's instructions Nos. 12 and 13, the essential elements of this case are merged into "one quick fact."

We cannot accept defendant's contention. The instructions given the jury included both the knowledge and possession elements. More-

over, the instructions given were Illinois Pattern Jury Instructions. Under Supreme Court Rule 451(a) (87 Ill. 2d R. 451(a)), "[w]henever Illinois Pattern Instructions in Criminal Cases (IPI-Criminal) contains an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI-Criminal instruction shall be used, unless the court determines that it does not accurately state the law." For these reasons, the court correctly gave the jury People's instructions Nos. 12 and 13 and refused defendant's instruction No. 1.

■■ ■ Defendant lastly claims the State failed to prove him guilty beyond a reasonable doubt. He claims there was insufficient evidence to prove possession of the drugs was knowing possession. However, the drugs were found in the vehicle defendant was driving and there was evidence to show the drugs were in plain view on the floorboard. Furthermore, there was evidence defendant knew they were there when he stated, "That's all you'll find," and later when he said the substance was 80 proof. Defendant also argues that the State's evidence contains numerous inconsistencies and improbabilities. We have reviewed all of the claims made by defendant and have found any inconsistencies or improbabilities to go to only minor or collateral matters and do not create a reasonable doubt. (See *People v. Adams* (1985), 109 Ill. 2d 102, 115, 485 N.E.2d 339, 343; *People v. Winfield* (1983), 113 Ill. App. 3d 818, 827, 447 N.E.2d 1029, 1039.) Our supreme court has recently stated that "[a] criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *** When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. As the United States Supreme Court observed in *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276-77.) Officer Ingersoll's testimony, along with the statements made by defendant and other evidence, was sufficient to prove defendant guilty beyond a reasonable doubt.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

WELCH and JONES, JJ., concur.