THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN CLARK BRIDGES, Defendant-Appellant.

Fifth District   No. 5—86—0777

Opinion filed August 25, 1989.

Daniel M. Kirwan and Michelle A. Zaliski, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant, a juvenile, was convicted as an adult of voluntary manslaughter, attempted murder, unlawful use of weapons, and two counts of aggravated battery, but acquitted of murder. He was sentenced to the Department of Corrections, Juvenile Division, until 21. We affirm

in part and vacate in part.

Defendant heatedly argued with Brad Taylor and Leroy Sanders, Jr. Later that day, Taylor, his brother Danny Taylor, Sanders, Winfred Moss and Toni Flemmings returned to the area, stopping at defendant's neighbor's house to collect for trash hauling. As they were leaving, defendant came out, saying he was going to "get" someone on Saturday and shouting derogatory names at the group as they were leaving. Moss stopped the car. Brad Taylor, Danny Taylor and Sanders got out. Brad Taylor approached defendant. Danny Taylor remained about 40 to 50 feet behind Brad Taylor. Sanders stayed near the car. Flemmings remained in the car. Moss was near the car door. Brad Taylor and defendant started swinging at each other. Taylor slapped defendant in the face. Defendant pulled a handgun, Sanders and the two Taylors started running, and defendant started "shooting like crazy," firing four to six shots in rapid succession. Danny Taylor was shot twice and killed. Sanders was shot in the leg. A bullet was found lodged in Moss' car.

Defendant claimed self-defense. In support of his defense, he testified that Sanders had a pipe inside his jacket, that Brad Taylor acted as if he had a knife, that he saw the barrel of a gun sticking out of the rear window of Moss' car, and that he believed that the person in the car was going to shoot him. He also called three witnesses who testified that Brad Taylor had a propensity for violence, and also related Sander's violent past. However, the trial court refused to admit the past violent acts of Winfred Moss.

Contradicting defendant, Brad Taylor, Sanders and Flemmings testified they had no weapon, and, to the best of their knowledge, neither Moss nor Danny Taylor had a weapon. Neighbors testified that only defendant had a weapon.

Danny Taylor was shot twice and killed: The jury found defendant guilty of voluntary manslaughter, but not guilty of murder.

Brad Taylor was shot at, and Leroy Sanders was shot in the leg: The jury found defendant guilty of attempted murder, and also found defendant guilty of aggravated battery against Sanders.

Defendant first argues that the jury verdicts finding him not guilty of the murder of Danny Taylor, but guilty of the voluntary manslaughter of Danny Taylor, are both logically and legally inconsistent with the verdicts finding him guilty of the attempted murder of Brad Taylor and Leroy Sanders; therefore, he argues the attempted murder convictions must be vacated. We do not agree.

■ The verdicts on Danny Taylor's killing are first examined. One found defendant guilty of voluntary manslaughter; the other acquitted

him of murder. These verdicts are not inconsistent, because together they implicitly show that the jury rejected the theory that defendant intended to kill Danny Taylor, and instead found that defendant had an unreasonable belief in the need to defend himself.

In finding defendant guilty of the attempted murder of Brad Taylor and Leroy Sanders, however, the jury found that defendant had the specific intent to kill.

■ Defendant argues that the verdict convicting him of voluntary manslaughter, therefore, is inconsistent with the set of verdicts convicting him of attempted murder, because the jury could not find defendant had the specific intent to kill but, at the same time, find that his belief that he needed to defend himself was unreasonable. Four to six shots were fired in rapid succession. Defendant argues that to believe that he changed his motivation between shots would be contrary to reason. While defendant's argument appears logical, a careful examination of the facts establishes that the verdicts are neither legally nor logically inconsistent.

Brad Taylor and Leroy Sanders, Jr., had had an earlier confrontation with defendant. Threats were made. Taylor and Sanders promised to return. They did. Brad Taylor approached defendant. Sanders stayed near the car. There was testimony that defendant first aimed and shot at Brad Taylor, and then at Sanders. The jury could believe defendant's testimony that Brad Taylor acted as if he had a knife, and that he saw a lead pipe inside of Sanders jacket, yet find that defendant had the specific intent to kill Sanders and Brad Taylor because of the motivation provided by the earlier confrontation.

Danny Taylor, however, was not part of the initial confrontation, but in the second confrontation got out of the car and remained 40 to 50 feet away while Brad Taylor approached defendant. The jury could find, from the entire context, that just as defendant believed Brad Taylor and Sanders were armed, he likewise believed that Danny Taylor was armed and would shoot him, but could find further that that belief was unreasonable because the evidence placed no weapon in Danny Taylor's hand nor otherwise insinuated aggression on his part.

■ When a conviction is reviewed, the evidence must be viewed in the light most favorable to the prosecution and the judgment upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267; *People v. House* (1986), 141 Ill. App. 3d 298, 490 N.E.2d 212.) We find that the jury properly could have found that defendant had a specific intent to kill or harm Brad Taylor and Sanders and not have had the same intent as against Danny Taylor.

Therefore, the attempted murder convictions are affirmed.

■ Defendant next argues that he was denied a fair trial because the trial court refused to permit introduction of evidence of Winfred Moss' prior acts of violence and aggression. Illinois law allows for the introduction of a victim's past specific acts of misconduct when the defendant raises the defense of self-defense. (*People v. Lynch* (1984), 104 Ill. 2d 194, 470 N.E.2d 1018.) *Lynch* does not apply, however, because its predicate is missing; there is no evidence to indicate that Winfred Moss was a victim. He was involved in neither the first nor the second confrontation. His only involvement was to stand next to the car upon which defendant fired. Mere presence does not make one a victim, only a bystander. We are not prepared to extend *Lynch* to cover a bystander. After all, to do so would have the effect of making a man with a violent past fair game for killing. Therefore, Moss' character was irrelevant and the trial court was correct in refusing to admit evidence of the prior violent acts of Winfred Moss.

■ ■ Defendant also complains that the jury was erroneously instructed as to the elements of attempted murder. He argues that because an accused cannot be convicted of attempted murder without having the specific intent to kill, it was error to give instructions that incorporated the alternative definitions of murder contained in the Illinois Criminal Code. (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a).) The jury was instructed that murder was defined as acting with the intent to kill or do bodily harm. This issue has been waived. Defendant, himself, tendered this instruction. It is not proper for a defendant to tender an erroneous instruction and then, when it is given, claim error. This court has held that a defendant's failure to tender a proper instruction and failure to raise the issue in a post-trial motion effectively waives that issue for appeal. *People v. Pecka* (1984), 125 Ill. App. 3d 570, 466 N.E.2d 404.

■ Defendant argues that the issue is not waived, because it is plain error under Illinois Supreme Court Rules. (107 Ill. 2d R. 451(c).) This assertion is incorrect. In *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331, the defendant failed to object to similar instructions. The *Roberts* court found that the instruction defining murder was erroneous but not "grave error" and, thus, did not fall under Rule 451(c). *Roberts*, 75 Ill. 2d at 14, 387 N.E.2d at 337.

■ Defendant also argues that the jury was given erroneous murder and voluntary manslaughter instructions. Similar instructions, defendant contends, were recently held to create reversible error. (See *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141.) Again, however, defendant tendered the instructions, a critical distinction from

*Reddick*, causing this case to be unaffected by *Reddick*'s holding.

■ Finally, defendant complains that his convictions for aggravated battery must be vacated because they are based upon the same physical act as the attempted murder conviction, namely: shooting Leroy Sanders, Jr., in the leg.

It is undisputed that defendant shot several times in the direction of various people. Count VII of the information alleges :

> "The said defendant, without lawful justification and with intent to kill Leroy Sanders and Brad Taylor in violation of Ill Rev Stat, ch 38, sec 9—1(A) [*sic*], performed a substantial step toward the commission of that offense, in that he fired a gun numerous times at Leroy Sanders and Brad Taylor and struck Leroy Sanders in both legs in violation of par 8—4(A), ch 38, Ill Rev Stat."

The aggravated battery convictions also were based upon the shot that actually struck Sanders in the leg. Therefore, the fact that Sanders was shot in the leg was a necessary element of the aggravated battery convictions and the attempted murder conviction. To convict on both is improper. As the supreme court of Illinois recognized in *People v. Segara* (1988), 126 Ill. 2d 70, 77, 533 N.E.2d 802, 805:

> "[I]f a defendant commits more than one criminal act in an episode or transaction, he may be prosecuted for more than one offense unless the charges involve precisely the same physical act. If the physical acts are distinct, the defendant can be convicted of both, but only concurrent sentences can be imposed. If exactly the same physical act does form the basis for more than one offense, a defendant may still be prosecuted for each offense, but only one conviction and sentence may be imposed. Eisenberg, *Multiple Punishments for the 'Same Offense' in Illinois*, 11 S. Ill. U. L.J. 217, 236-37 (1987)."

The State argues that the attempted murder conviction is based on the shots that missed Sanders while the aggravated battery convictions are based on the shot that actually struck Leroy Sanders. An examination of the record, and more specifically of the charging instruments, however, does not support this contention. For the above-mentioned reasons, the defendant's aggravated battery convictions are vacated.

The circuit court judgment is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

WELCH, P.J., and HARRISON, J., concur.