THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSE A. VAZQUEZ, Defendant-Appellant.

Fifth District   No. 5—88—0502

Opinion filed February 2, 1990.

Daniel M. Kirwan and John T. Hildebrand, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Terry M. Green, State's Attorney, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Jose A. Vazquez, was convicted after a jury trial in the circuit court of Franklin County of unlawful use of a weapon by a felon, unlawful possession of phencyclidine and unlawful possession of lysergic acid diethylamide in connection with an incident that occurred in May of 1988. He was sentenced to five years' imprisonment for unlawful use of a weapon by a felon and three years' imprisonment for each of the possession convictions, all sentences to run concurrently. Defendant appeals from his convictions and sentences.

Defendant was apprehended on May 22, 1988, by Officer Mandrell of the West Frankfort police department, apparently in connection with the investigation of a possible hijacking of a truck on I-57. Defendant was found in the area walking along a dirt road. When Mandrell approached defendant and ordered him to put his hands up against a tree, defendant informed him he had a gun in his back pocket. Mandrell patted down defendant and found the gun. After additional pat-downs, eight or nine loose bullets and a pill bottle containing drugs were retrieved from the pocket and lining of defendant's lightweight, windbreaker jacket. Defendant's theory of defense was that the officers found the gun and drugs in a car a half mile away. The jury, however, chose not to believe defendant's theory.

Defendant first argues on appeal all three of his convictions must be reversed because the testimony of the State's witnesses was so improbable and contradictory as to not remove all reasonable doubt of his guilt. Defendant first points to the testimony of Mandrell. According to defendant, Mandrell first testified he found the pistol in defendant's back pocket, then later in his back hip area, and then later again, from inside defendant's pants, as defendant claims in an apparent attempt to maneuver around the realization defendant's pants

lacked pockets. Mandrell further testified he patted down defendant twice and found only a gun and the container of drugs. A second officer who arrived later upon the scene also patted down defendant and found several loose bullets and a box of bullets in the jacket defendant allegedly was wearing. Defendant finds it incredible that Officer Mandrell, with some nine years of police experience, could twice miss the bullets in his lightweight, windbreaker jacket. Moreover, defendant points out the jail log and records do not reflect defendant was wearing a jacket nor was any jacket found in the locker where defendant's clothes were secured after his arrest. Defendant claims the jacket never existed and was invented to support the officers' assertions defendant was carrying a gun, bullets and drugs when arrested because the rest of his clothing contained no pockets. Defendant also argues Mandrell testified he stopped at the car involved in the alleged hijacking to talk with the other officers, thereby giving him the opportunity to obtain the gun and drugs to "plant" on defendant, while the other officers testified Mandrell never stopped at the car and communicated with them by radio only. Defendant believes such oscillations and improbabilities in the officers' testimony demonstrate the jury's finding is against the manifest weight of the evidence. We disagree. Inconsistencies in and contradictions of testimony do not destroy credibility as a matter of law. (See *People v. Sykes* (1977), 45 Ill. App. 3d 674, 680, 359 N.E.2d 897, 901.) Rather, the credibility of witnesses and the weight to be given their testimony are for the jury to decide. (*People v. Hunter* (1984), 124 Ill. App. 3d 516, 527, 464 N.E.2d 659, 669.) Only when the evidence is so unreasonable or improbable as to leave a reasonable doubt as to a defendant's guilt will we as a reviewing court disturb that finding. (See *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276. See also *People v. Adams* (1970), 46 Ill. 2d 200, 208-09, 263 N.E.2d 490, 494, *aff'd* (1972), 405 U.S. 278, 31 L. Ed. 2d 202, 92 S. Ct. 916.) Here, the jury was made aware repeatedly of all possible alleged inconsistencies and contradictions in the witnesses' testimony and defendant's line of defense. The jury simply found the officers' versions to be more credible. The issue was not whether the gun was found in the back pocket of defendant's pants or in the waistband, but whether defendant had possession of a gun at all. Similarly, numerous officers testified defendant was wearing a jacket when brought into the station. The evidence reviewed in the light most favorable to the prosecution amply supports the jury's verdict beyond a reasonable doubt. (See *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277; *People v. House* (1986), 141 Ill. App. 3d 298, 303, 490 N.E.2d 212, 216.) Having reached this conclusion, we avoid any possible double

jeopardy claims in light of our disposition of defendant's second contention on appeal. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375.

As his second issue on appeal, defendant argues he was denied effective assistance of counsel, depriving him of a fair trial. Based on the peculiar posture of the record before us, we must agree. Defendant points to three instances of alleged ineffective assistance. We, however, need address only one, defense counsel's failure to take advantage of a prior favorable ruling prohibiting the State from mentioning to the jury any specifics of defendant's prior felony conviction.

■ Generally speaking, a defendant is entitled to competent but not perfect representation. (See *People v. Stewart* (1984), 104 Ill. 2d 463, 491-92, 473 N.E.2d 1227, 1240.) Consequently, mistakes in judgment or in trial strategy or tactics do not of themselves render representation incompetent. (*Stewart*, 104 Ill. 2d at 492, 473 N.E.2d at 1240.) Rather, a defendant must prove that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 686, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068; *People v. Albanese* (1984), 104 Ill. 2d 504, 525-26, 473 N.E.2d 1246, 1255.

■ Here, the record reveals that early in the trial, outside the presence of the jury, the trial court ruled the State was not to mention to the jury the nature of defendant's prior felony conviction for possession of controlled substances in proving a felony conviction for purposes of the unlawful use of a weapon by a felon charge. The court specifically stated it believed "it is highly prejudicial to start naming prior offenses *** when the man is standing trial for the same offense." The court concluded the jury would not see the prior conviction but would be instructed as to its existence without getting into any particulars. At the close of all the evidence during the instruction conference, however, the court asked the prosecution if all exhibits, including the record of defendant's prior conviction, were to go to the jury. The certified statement of conviction clearly identified the nature of that conviction. The prosecutor responded "yes" without objection by defense counsel or any reminder of the court's prior ruling excluding such information. The court subsequently instructed the jury that the parties stipulated defendant's prior conviction for possession of controlled substances was a felony. For some reason, any explanation being completely absent from the record, the trial court totally changed its position. Whether or not the court's initial ruling was erroneous,

defense counsel's failure to take advantage of it was unacceptable. (See *People v. Carroll* (1985), 131 Ill. App. 3d 365, 367, 475 N.E.2d 982, 984.) While we may suspect some other discussion occurred prompting the change in the court's ruling, we simply have no evidence on the record before us of such a conference or, for that matter, any other reason to explain the abrupt turnabout. Admittedly the State had the right to prove defendant's prior conviction; indeed, it was a necessary element of the offense. (See *People v. McGee* (1987), 165 Ill. App. 3d 833, 838-40, 520 N.E.2d 836, 839-40.) But, it also was within the discretion of the trial court to prohibit the State from revealing the nature of that prior conviction. (See *People v. Slaughter* (1980), 84 Ill. App. 3d 88, 95-96, 404 N.E.2d 1058, 1064.) Given the state of the record before us, we can only conclude defense counsel erred in failing to remind the court of its earlier ruling. And, because of the nature of the prior conviction, we cannot rule out the reasonable probability defendant was prejudiced by the presentation of such information to the jury to the extent of depriving him of a fair trial. (See *Carroll*, 131 Ill. App. 3d at 367, 475 N.E.2d at 984. See also *People v. Rogers* (1989), 187 Ill. App. 3d 126, 138, 543 N.E.2d 300, 307; *People v. Sorice* (1989), 182 Ill. App. 3d 949, 957, 538 N.E.2d 834, 839; *People v. Hanlon* (1985), 137 Ill. App. 3d 305, 316-17, 483 N.E.2d 1332, 1339-40; *In re Estate of Loesch* (1985), 134 Ill. App. 3d 766, 770, 481 N.E.2d 32, 35; *Shehy v. Bober* (1979), 78 Ill. App. 3d 1061, 1068, 398 N.E.2d 80, 86. Cf. *People v. Powell* (1989), 180 Ill. App. 3d 315, 320-23, 535 N.E.2d 1008, 1011-13.) We therefore must reverse defendant's convictions and remand this cause for a new trial. In the future, we suggest such rulings and corresponding motions *in limine* or stipulations should be in writing to avoid similar problems resulting from vague and unclear records.

■ We further note that should the jury find defendant guilty on both possession charges, only one conviction can stand. Simultaneous possession of more than one type of controlled substance constitutes a single offense, supporting only one conviction. See *People v. Manning* (1978), 71 Ill. 2d 132, 137, 374 N.E.2d 200, 202; *Hunter*, 124 Ill. App. 3d at 549, 464 N.E.2d at 684.

For the aforementioned reasons, we reverse defendant's convictions and remand this cause to the circuit court of Franklin County for a new trial.

Reversed and remanded.

CHAPMAN and GOLDENHERSH, JJ., concur.