THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD JOHNSON, Defendant-Appellant.

Fifth District    No. 5—89—0270

Opinion filed July 25, 1990.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville, and Steven J. Della Rose, of Riverdale (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Unhappy with the outcome of a two-on-two basketball game, defendant got a gun and shot his opponent. Injured, the opponent lived.

Defendant was charged with armed violence, attempted murder, and aggravated battery.

There was a jury trial. After defendant had heard the testimony of five State's witnesses, he withdrew his plea of not guilty and pleaded guilty to armed violence and aggravated battery. The attempted murder charge was dismissed as agreed.

A factual basis was given. It was clear; defendant had fired only once.

The circuit court of St. Clair County honored the plea agreement and sentenced defendant to concurrent prison terms of 13 years for armed violence and five years for aggravated battery.

One shot. One injury. Two convictions.

Defendant filed a *pro se* motion to withdraw his guilty pleas, claiming that a 13-year sentence was excessive and that his trial counsel had been ineffective.

Counsel was appointed, who then filed an amended motion, claiming that the factual basis was insufficient and that defendant had not been properly admonished.

Both motions were denied.

On appeal, defendant argues that the aggravated battery conviction must be vacated because it is based on the same act as the armed violence conviction. We agree and vacate defendant's aggravated battery conviction and five-year sentence thereon.

In Illinois, it is well established that multiple convictions for both armed violence and the underlying felony cannot stand where a

single physical act is the basis for both charges. *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477.

■ The elements of the offense of armed violence are simply stated: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law." (Ill. Rev. Stat. 1987, ch. 38, par. 33A–2.) Therefore, "[o]ne cannot violate the armed violence statute without first committing a felony. The alleging of that felony in the armed violence charge has the effect, upon conviction, of making it a necessarily included offense." *People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479.

■ Here, there was only one act, a single shot. The convictions for both armed violence and aggravated battery, therefore, were improper, and the aggravated battery conviction must be vacated. *People v. Bridges* (1989), 188 Ill. App. 3d 155, 544 N.E.2d 40; *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477; *People v. Kujawa* (1985), 132 Ill. App. 3d 828, 477 N.E.2d 759.

On appeal, the State does not argue that defendant's aggravated battery conviction and five-year sentence are proper, but instead argues that this issue has not been preserved for appellate review, that it has been waived because: (1) defendant failed to include this issue in his motions to withdraw his guilty plea; and (2) defendant's conviction and sentence were the result of an agreement voluntarily entered into by defendant. We do not accept either argument.

■ Illinois Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) provides that, "[u]pon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived."

■ In *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221, the supreme court of Illinois noted that the purpose of Rule 604(d) is both to insure that a defendant's constitutional rights are protected and to avoid abuses by a defendant. The court expressly stated that rules such as Rule 604(d) "concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions." *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.

■ There is an exception to the waiver rule, however. Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)), commonly known as the "plain error rule," allows a reviewing court, in its discretion, to rule on plain errors or defects which affect substantial rights. *People v. Smalley* (1984), 122 Ill. App. 3d 70, 77, 460 N.E.2d 866, 870.

■ Multiple convictions for the same act are plain error. *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1.

And, besides being plain error, the conviction and sentence on the

lesser offense are void, which allows a defendant to attack the void judgment entered thereon, notwithstanding his failure to satisfy Rule 604(d). *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 537 N.E.2d 351.

■ In *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 537 N.E.2d 351, we held that when the judgment of the circuit court is void, it can be attacked at any time. Specifically, we stated:

"[T]he argument that a judgment in a criminal case is void is, as we have indicated, a matter which can be raised at any time. This is so regardless of whether the argument was properly preserved for review." *Perruquet*, 181 Ill. App. 3d at 663-64, 537 N.E.2d at 353-54.

Is defendant's aggravated battery conviction void?

In *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316, a defendant was convicted of both armed robbery and grand larceny. On appeal, our supreme court recognized that because armed robbery necessarily involved an unlawful taking, defendant's grand larceny conviction was "unnecessary" and "superfluous." The court, therefore, reversed the grand larceny conviction because it could prejudice defendant's parole opportunities. (*People v. Schlenger* (1958), 13 Ill. 2d 63, 66, 147 N.E.2d 316, 318.) While *Schlenger* used the words "unnecessary" and "superfluous" to describe the grand larceny conviction, the term "void" was absent.

■ Since more than one conviction cannot result from the same physical act, where courts improperly have imposed multiple convictions, appellate courts have vacated the improper conviction. (See, *e.g., People v. Bridges* (1989), 188 Ill. App. 3d 155, 544 N.E.2d 40; *People v. Kujawa* (1985), 132 Ill. App. 3d 828, 477 N.E.2d 759; *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477.) However, those cases which vacate the improper convictions do not use the term "void."

According to Black's Law Dictionary, to "vacate" means "[t]o render an act void." (Black's Law Dictionary 1388 (5th ed. 1979).) Therefore, we hold that where a defendant receives multiple convictions for both armed violence and the underlying felony, and a single physical act is the basis for both offenses, the underlying felony conviction is void and, therefore, must be vacated.

■ Here, we hold that defendant's aggravated battery conviction is void. Because the aggravated battery conviction is void, defendant can attack the circuit court's void judgment at any time, even though defendant did not include the objection in his motion to withdraw the guilty plea. *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 537 N.E.2d 351.

■■ The State also argues that because defendant agreed to plead guilty to the aggravated battery charge as well as to the more serious charge of armed violence, defendant now cannot complain of the aggravated battery conviction, and relies on *People ex rel. Bassin v. Isreal* (1975), 31 Ill. App. 3d 744, 335 N.E.2d 53.

*Isreal* does not apply. It is distinguishable. It also is limited to its own facts.

In *Isreal*, defendant plea bargained for a reduced sentence in return for a plea of guilty to attempted voluntary manslaughter, an offense that does not exist. The court held that defendant received a benefit—a reduced and certain sentence—by giving up a jury trial and an uncertain result. The basis of the bargain was a plea to a nonexistent crime. Therefore, the benefit received caused the court to hold defendant to his bargain. The result is not surprising. Had the conviction been reversed, it is doubtful that Isreal could have been recharged with any meaningful offense.

In short, *Isreal* stands for the proposition that it is not unlawful for the State and the defendant to bargain for a plea of guilty to a nonexistent crime, if defendant gets a benefit.

In contrast, in the case at bar, defendant did not plead to a nonexistent crime in return for a reduced sentence. Therefore, the theory that supports the result in *Isreal* is not here present. Instead this case is governed by the principle that multiple convictions for the same act are unlawful, and therefore, defendant's consent cannot cure the improper nature of multiple convictions. *People v. Kujawa* (1985), 132 Ill. App. 3d 828, 477 N.E.2d 759.

Defendant's conviction and five-year concurrent sentence for aggravated battery are vacated.

Defendant did not pursue his claim of ineffective assistance of counsel.

Judgment vacated in part.

RARICK and HARRISON, JJ., concur.