THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT A. TICE, Defendant-Appellant.

Fifth District    No. 5—91—0779

Opinion filed October 7, 1992.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael Kiley, State's Attorney, of Shelbyville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

On October 10, 1989, defendant Scott Tice entered an open plea of guilty to three counts of unlawful delivery of a controlled substance which, because of the amounts involved, represented a Class X felony, a Class 1 felony and a Class 2 felony. He was also convicted of one count of armed violence, a Class X felony. The armed violence charge was predicated on the Class 1 felony count of unlawful delivery of a controlled substance. Defendant received a sentence of eight years

and a $12,500 fine on the Class X unlawful delivery charge. He was sentenced to five years on the Class 1 unlawful delivery charge, seven years on the Class 2 unlawful delivery charge, and four years on the armed violence charge. He was also required to make restitution of $460 to the State of Illinois, Department of State Police. He did not appeal.

On June 17, 1991, defendant filed a *pro se* post-conviction petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*). He claimed, *inter alia*, that he was denied the effective assistance of trial counsel in violation of substantial due process and his sixth amendment right to counsel in that the convictions and sentences were entered on two crimes that arose from the same act. The trial court dismissed the petition as patently without merit pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1). Defendant appeals from the order dismissing his petition without an evidentiary hearing.

The State argues that the defendant waived his ineffective assistance of counsel claim because he did not file a direct appeal. The defendant argues that it was error for the circuit court to dismiss his post-conviction petition because it presented a meritorious constitutional claim for relief. We reverse.

■ The defendant did not lose his right to a post-conviction petition hearing by failing to appeal. Although he waived those rights based on nonconstitutional error, the Post-Conviction Hearing Act protects his right to assert violations of his constitutional rights. (*People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456, 461.) A post-conviction petitioner who has not taken a direct appeal may raise, in his post-conviction petition, every constitutional issue which "appears in or is suggested by the record." (*People v. Eatmon* (1970), 47 Ill. 2d 90, 92, 264 N.E.2d 194, 195.) In addition, where a defendant-petitioner is proceeding *pro se*, a court may elect to consider his post-conviction petition allegations on the merits, even though failure to appeal might have constituted a waiver of the asserted errors. (*People v. Goerger* (1972), 52 Ill. 2d 403, 406, 288 N.E.2d 416, 418.) Finally, this court has held that where a defendant is convicted for both armed violence and the underlying felony and a single physical act is the basis for both offenses, the underlying felony conviction is void and may be attacked at any time. (*People v. Johnson* (1990), 200 Ill. App. 3d 1018, 1022, 558 N.E.2d 607, 610.) Therefore, defendant may raise his ineffective assistance of counsel claim in this post-conviction petition. He has not waived that right.

A post-conviction proceeding is not an appeal. It is a collateral attack on the judgment. (*People v. Owens* (1989), 129 Ill. 2d 303, 308, 544 N.E.2d 276, 277.) It provides a remedy for criminal defendants who claim substantial violations of their constitutional rights occurred at trial. (*Owens*, 129 Ill. 2d at 308, 544 N.E.2d at 277.) A defendant does not have an absolute right to an evidentiary hearing on a post-conviction petition. Instead, the defendant must establish a substantial denial of his constitutional rights before a hearing will be granted. (*People v. Henderson* (1991), 215 Ill. App. 3d 24, 28, 574 N.E.2d 268, 272.) The trial court, in its discretion, may deny an evidentiary hearing on a post-conviction petition if the petition is frivolous or patently without merit. Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a).

■ Because defendant proceeded *pro se*, his petition, in order to adequately state a claim for relief, was required to contain a simple statement which presented a claim for relief that was meritorious when considered in light of the trial court record. (*People v. Dredge* (1986), 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 447.) Defendant's post-conviction petition meets this standard. It states that he was denied effective assistance of counsel because he was convicted and sentenced for two crimes based on one act. There is support in the record for this contention. Accordingly, an evidentiary hearing is required to determine (1) whether defendant was improperly convicted and sentenced for both the armed violence charge and the underlying felony charge, unlawful delivery of a controlled substance; (2) whether defendant's trial counsel was objectively deficient because he failed to object to defendant's two sentences on two convictions based on a single act; and (3) whether the defendant was prejudiced by trial counsel's failure to do so. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (defendant bears the burden of proving that trial counsel was both objectively deficient and that he was prejudiced by these deficiencies).

It is well settled in Illinois that "multiple convictions for both armed violence and the underlying felony cannot stand where a single physical act is the basis for both charges." (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479.) A defendant who is improperly convicted and sentenced on both an armed violence charge and its underlying felony is prejudiced. (*Donaldson*, 91 Ill. 2d at 170, 435 N.E.2d at 479.) This court has held that when improper multiple convictions are entered for armed violence and its underlying felony, the underlying felony is void and must be vacated. *People v. Johnson* (1990), 200 Ill. App. 3d 1018, 1022, 558 N.E.2d 607, 610.

In view of these holdings and of the fact that defendant adequately raised this issue in his post-conviction petition, he is at least entitled to a hearing on his claim. It was error for the trial court to dismiss defendant's petition without an evidentiary hearing.

Defendant also argues that he is alternatively entitled to a hearing because his petition was neither dismissed nor docketed for further consideration within 30 days of the date of filing as required by the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a).) Our decision to grant defendant an evidentiary hearing is not, however, based on this argument.

We reverse and remand to the trial court for an evidentiary hearing to determine (1) whether defendant was improperly convicted and sentenced for both the armed violence charge and the underlying felony; and (2) whether defendant's trial counsel was objectively deficient because he failed to object to defendant's two sentences on two convictions based on a single act. Defendant's request for court-appointed counsel for this post-conviction petition is to be determined by the trial court.

Reversed and remanded.

H. LEWIS and W.A. LEWIS, JJ., concur.