THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEROY BILLOPS, Defendant-Appellant.

Fifth District   No. 82—560

Opinion filed June 13, 1984.

Randy E. Blue and Richard J. Bennett, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Mary W. Richardson, all of State's Attorneys Appel-

late Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant pleaded guilty to and was convicted of criminal damage to property and burglary in the circuit court of St. Clair County and was fined $46 plus court costs for the criminal-damage-to-property conviction and sentenced to four years in prison for the burglary conviction. On appeal, defendant contends that the failure of the State to prosecute him for burglary at the time it prosecuted him for criminal damage to property rendered the burglary conviction improper under the compulsory-joinder statute, which requires that all offenses based on the same act be prosecuted in a single prosecution if the offenses are known to the prosecuting officer at the time the prosecution is commenced so long as the offenses are within the jurisdiction of a single court. Ill. Rev. Stat. 1981, ch. 38, pars. 3—3, 3—4.

Defendant was charged with misdemeanor criminal damage to property on November 24, 1981, for knowingly damaging an outside window ornament at apartment 32C of the Roosevelt Homes in East St. Louis on November 23, 1981, and for knowingly damaging a wall and fuse box inside apartment 32B of the Roosevelt Homes on that same date. On January 20, 1982, defendant pleaded guilty to both charges and was fined $46 plus court costs. On March 18, 1982, defendant was indicted for burglarizing apartment 32B of the Roosevelt Homes on November 23, 1981. Defendant's motion to dismiss the burglary charge for violating double jeopardy was denied on May 18, 1982, because no evidence was presented that the two offenses were known to the proper prosecuting officer at the time of the commencement of the prosecution. Defendant then pleaded guilty to the burglary charge on June 14, 1982, and was sentenced to four years in prison. Defendant's motion to withdraw his guilty plea and vacate the conviction was denied on September 20, 1982.

■■ The State argues that by voluntarily pleading guilty to the burglary charge, defendant waived his claim that his conviction and sentence should be vacated and, further, that in any event the record does not support the defendant's allegations that the compulsory joinder statute was violated. Unless there is plain error, a voluntary guilty plea waives all nonjurisdictional errors, including violations of constitutional rights. (*People v. Weathers* (1980), 83 Ill. App. 3d 451, 404 N.E.2d 1011; 87 Ill. 2d R. 615(a).) The constitutional protection against multiple punishment for the same offense is codified in sections 3—3 and 3—4 of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, pars. 3—3, 3—4; see *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d

656, 89 S. Ct. 2072.) However, "[t]he seriousness of a double jeopardy issue and the infinite relationship of the issue to the integrity and fairness of judicial proceedings warrant considering the issue as plain error." (*People v. Valentine* (1984), 122 Ill. App. 3d 782, 784, 461 N.E.2d 1388.) In *Valentine*, the court disagreed with the State's contention that the defendant waived the double jeopardy issue by failing to raise it either before or during trial. However, the different basis of the State's waiver argument in *Valentine* does not distinguish it from the case at bar; the underlying error is the same. Defendant's voluntary guilty plea did not, therefore, operate as a waiver of defendant's double jeopardy claim, and we must now turn to the substance of that claim.

■ The charging instrument for the criminal-damage-to-property charge describes the offense as follows: "Knowingly damaged property of Virgil L. Calvert, DBA, East St. Louis Housing Authority, namely the wall and fuse box inside of 32B Roosevelt Homes ***." The burglary charge is based on the fact that the wires to the fuse box were cut, thus indicating an attempt to remove it from the wall. It can be inferred from these facts that both the burglary charge and the criminal-damage-to-property charge were based on the same physical act. It can also be inferred from the record that the proper prosecuting officer knew that there was sufficient evidence to charge defendant with burglary at the time he was charged with criminal damage to property. The wires had been cut at the same time the damage to the wall and fuse box occurred. There is no reason to suspect that the prosecutor was not fully aware of the facts surrounding the investigation of the criminal-damage-to-property charge, including the fact that the fuse box wires had been cut. We must find, therefore, that the prosecutor's failure to commence prosecution on the burglary charge at the time that prosecution on the criminal-damage-to-property charge was begun violated sections 3—3 and 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 3—3, 3—4) and thus placed defendant in double jeopardy. The prejudice to defendant is obvious. Had the burglary charge been dismissed at the outset as it should have been, defendant's punishment would not have been four years in prison plus a fine, but would have been limited to the fine.

For the above reasons, we reverse the burglary conviction entered by the circuit court of St. Clair County.

Reversed.

JONES and HARRISON, JJ., concur.