THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS TOWNSELL, Defendant-Appellant.

Third District    No. 3—00—0302

Opinion filed January 8, 2003.

Mark D. Fisher (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Dennis Townsell pled guilty to a charge of first degree murder (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)(1)) and was sentenced to an extended prison term. On direct appeal to this court, he claimed that his extended term violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We rejected the State's argument that his guilty plea effected a waiver of the claim. Then we held that the extended portion of his sentence was unconstitutional under *Apprendi.*

The State petitioned the Illinois Supreme Court for leave to appeal. The supreme court denied the petition. However, the court also directed us to vacate our judgment and reconsider it in light of *People*

*v. Jackson*, 199 Ill. 2d 286 (2002) (holding that a defendant waived her *Apprendi* claim by pleading guilty). Having done so, we partially vacate Townsell's sentence and modify it to reflect the maximum nonextended term available for first degree murder.

## BACKGROUND

In its charging instrument, the State specifically alleged that on February 18, 1991, without lawful justification and with intent to kill, Townsell caused Terry Biscontine's death by shooting, stabbing, and choking him. Townsell entered his guilty plea on May 23, 1991. Although the maximum sentence available was a 60-year prison term (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(1)(a)), the judge imposed a 100-year term. In doing so, he invoked subsection 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(2)). That subsection authorized the judge to extend Townsell's sentence upon finding, by a preponderance of the evidence, "that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(2).

In *Apprendi* the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Townsell claims that extension of his sentence based on the "brutal or heinous" element of subsection 5—5—3.2(b)(2) violates the rule announced in *Apprendi*. We agree.

## DISCUSSION

The State argues that *Apprendi* is inapplicable because Townsell's 100-year prison term does not exceed the prescribed statutory maximum penalty for first degree murder. The State supports this argument by citing *People v. Vida*, 323 Ill. App. 3d 554 (2001), where a panel of the Appellate Court, First District, concluded that the maximum sentence for first degree murder is natural life imprisonment. We disagree with this conclusion. See *People v. Lee*, 326 Ill. App. 3d 882 (2001), *appeal allowed*, 198 Ill. 2d 625 (2002).

■ In *Apprendi* the Supreme Court stated that the "relevant inquiry" is whether the required finding (*e.g.*, that a murder was brutal or heinous) "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Apprendi*, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365. At the time of Townsell's sentencing hearing, the greatest punishment a judge could impose based on a guilty verdict for first degree murder was 60 years

in prison. Compare Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(1)(a) (prescribing a prison term of 20 to 60 years), with Ill. Rev. Stat. 1991, ch. 38, pars. 1005—8—1(b), (c) (authorizing natural life imprisonment, but only upon a finding of elements additional to those required for a guilty verdict). That fact has not changed in the meantime. See 730 ILCS 5/5—8—1(a)(1)(a) (West 2000); *People v. Nitz*, 319 Ill. App. 3d 949 (2001). Thus, for *Apprendi* purposes, the prescribed statutory maximum penalty for first degree murder is a 60-year prison term. See *Nitz*, 319 Ill. App. 3d 949; *People v. Armstrong*, 318 Ill. App. 3d 607 (2000).

The State also relies on *People v. Ford*, 198 Ill. 2d 68 (2001), and *People v. Rivera*, 333 Ill. App. 3d 1092 (2001), where *Apprendi* violations were not found. Those cases are clearly distinguishable, however, because they involved extended sentences authorized by elements that were proved beyond a reasonable doubt.

In another vein, the State argues that Townsell has waived his claim for two reasons: (1) he failed to raise it in the trial court; and (2) upon pleading guilty he voluntarily relinquished his constitutional rights to a jury trial and proof of guilt beyond a reasonable doubt—the rights upon which *Apprendi* is based.

■ Regarding the first waiver argument, in *People v. Wagener*, 196 Ill. 2d 269 (2001), our supreme court refused to find that an *Apprendi* claim was waived by the defendant's failure to raise it in the trial court. Indeed "[t]he waiver rule is one of administrative convenience rather than jurisdiction, and the goals of obtaining a just result and maintaining a sound body of precedent may sometimes override considerations of waiver." *People v. Farmer*, 165 Ill. 2d 194, 200 (1995). The United States Supreme Court has declared that *Apprendi* impacts constitutional rights "of surpassing importance." *Apprendi*, 530 U.S. at 476, 147 L. Ed. 2d at 447, 120 S. Ct. at 2355. Accordingly, the magnitude of Townsell's claim warrants overriding the waiver rule.

■ Regarding the State's second waiver argument, in *People v. Jackson*, 199 Ill. 2d 286 (2002), our supreme court held that a defendant's guilty plea effected a waiver of her subsequent *Apprendi* claim. In light of *Jackson*, we change our prior judgment and conclude that Townsell's guilty plea also effected a waiver.

■ The remaining question is whether grounds exist for overriding the plea-related waiver. In *Jackson* our supreme court addressed two grounds and found them to be insufficient. The first ground was that the trial judge lacked power to impose an extended sentence. The supreme court explained that the judge did not lack such power because subsection 5—5—3.2(b)(2) clearly authorized extension of the defendant's sentence. *Jackson*, 199 Ill. 2d at 300. The second ground

was the "void *ab initio*" doctrine, which provides that the constitutionality of a statute may be challenged at any time. The supreme court explained that this doctrine only applies when no circumstances exist under which the challenged statute would be valid. Since subsection 5—5—3.2(b)(2) is valid under at least one circumstance (see *Ford*, 198 Ill. 2d 68), the "void *ab initio*" doctrine does not qualify as a waiver exception. *Jackson*, 199 Ill. 2d at 300-01.

■ A third ground for overriding a waiver is found in Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). According to that rule, "[p]lain errors or defects affecting substantial rights may be noticed [on appeal] although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a). The *Jackson* opinion does not address the applicability of this waiver exception. We take the opportunity to do so now.

The plain error exception is typically applied to waivers resulting from a defendant's failure to raise his claim in the trial court. However, the exception also applies to waivers resulting from guilty plea relinquishments. This fact is illustrated in *People v. Billops*, 125 Ill. App. 3d 483 (1984), where the court invoked Rule 615(a) to address a double jeopardy claim even though the defendant relinquished his double jeopardy rights when he pled guilty. The court cited *People v. Valentine*, 122 Ill. App. 3d 782 (1984), to support its action. Then the court explained:

> "In *Valentine*, the court disagreed with the State's contention that the defendant waived the double jeopardy issue by failing to raise it either before or during trial. However, the different basis of the State's waiver argument in *Valentine* [,*i.e.*, failure to raise the claim below rather than entry of a guilty plea,] does not distinguish it from the case at bar; the underlying error is the same." *Billops*, 125 Ill. App. 3d at 485.

See also *People v. McCaskill*, 298 Ill. App. 3d 260 (1998) (since waiver is not a jurisdictional rule, the defendant's guilty plea relinquishments did not preclude review of an order requiring him to work in exchange for the services of a public defender); *cf. People v. Davis*, 145 Ill. 2d 240 (1991) (noting that a trial court's failure to properly admonish a defendant who pleads guilty can amount to plain error).

We agree with the reasoning in *Billops*. An error is no less erroneous merely because a corresponding claim follows a guilty plea rather than some omission in the trial court. The language of Rule 615(a) does not limit its application to neglected trial objections or issues missing from posttrial motions. The rule applies to any plain error that a defendant fails to bring to the trial court's attention. Entry of a guilty plea represents such failure in perhaps its truest sense.

■ Of course, additional criteria govern the applicability of Rule 615(a). We must still determine whether Townsell's claim falls within the category of "[p]lain errors or defects affecting substantial rights." 134 Ill. 2d R. 615(a). This category includes errors that are so fundamental, and of such magnitude, that they deny the accused a fair proceeding. See *People v. Herrett*, 137 Ill. 2d 195 (1990) (involving trial proceedings); *People v. Simms*, 143 Ill. 2d 154 (1991) (involving sentencing proceedings). Such errors must be addressed—despite waivers—to preserve the integrity of the judicial process. *Herrett*, 137 Ill. 2d 195.

■ We believe Townsell's asserted error falls within this category. In *People v. Lee*, 326 Ill. App. 3d 882 (2001), *appeal allowed*, 198 Ill. 2d 625 (2002), this court concluded that extension of a sentence based on the "brutal or heinous" element at issue "clearly offends the constitutional tenets of *Apprendi*." *Lee*, 326 Ill. App. 3d at 889. Several other courts have reached the same conclusion. See, *e.g.*, *People v. Mena*, 329 Ill. App. 3d 12 (2002); *People v. Swift*, 322 Ill. App. 3d 127 (2001), *appeal allowed*, 197 Ill. 2d 580 (2001); *People v. Johnson*, 333 Ill. App. 3d 935 (2001); *People v. Bryant*, 325 Ill. App. 3d 448 (2001); *People v. Chanthaloth*, 318 Ill. App. 3d 806 (2001); *People v. Beachem*, 317 Ill. App. 3d 693 (2000). In each of these cases, the defendant's conviction resulted from a trial.

Courts have also found *Apprendi* violations stemming from a similar "brutal or heinous" element in subsection 5—8—1(a)(1)(b) of the Unified Code of Corrections (730 ILCS 5/5—8—1(a)(1)(b) (West 1998)). See, *e.g.*, *People v. Coleman*, 328 Ill. App. 3d 688 (2002); *Nitz*, 319 Ill. App. 3d 949. The legislature has since amended that subsection to bring it in conformity with the constitutional tenets of *Apprendi*. See 730 ILCS 5/5—8—1(a)(1)(b) (West 2000) (requiring the "brutal or heinous" element to be proved beyond a reasonable doubt).

The gravity of the error at issue is substantial. As the *Beachem* court stated:

> "*Apprendi* tells us we deal with 'constitutional protections of surpassing importance.' [Citation.] The reasonable doubt standard ' "reflect[s] a profound judgment about the way in which law should be enforced and justice administered." ' [Citation.] Our jury tradition is 'an indispensable part of our criminal justice system.' [Citation.] How, then, could we say we do not deal with procedures that are implicit in the concept of ordered liberty? Have we not reached 'bedrock'?" *Beachem*, 317 Ill. App. 3d at 705-06.

The above-cited authorities illustrate rather clearly that Townsell would prevail on his *Apprendi* claim if he had proceeded to trial rather than pleading guilty. He would prevail because extension of his

sentence offended substantial constitutional rights. We cannot in good conscience reach a different result merely because he pled guilty. We realize that he relinquished the rights upon which *Apprendi* is based when he entered his plea. However, the dispositive nature of that relinquishment is questionable because the plea occurred long before *Apprendi* was decided. How can we say that Townsell really waived his right to a procedure that remained unprescribed for another decade?

For these reasons, we opt to forgo the administrative convenience of a waiver. On the merits of Townsell's claim, *Lee* resolves the issue in his favor.

■ The State responds by asserting that even if *Apprendi* applies, Townsell's extended sentence is not reversible because: (1) the judge made the "brutal or heinous" finding beyond a reasonable doubt at the sentencing hearing, despite his failure to articulate the reasonable doubt standard; and (2) any error was harmless because undisputed evidence from the sentencing hearing established that the offense was brutal or heinous. These assertions fail to address the constitutional problem at *Apprendi*'s core.

Subsection 5—5—3.2(b)(2) essentially creates a new offense (brutal or heinous first degree murder) that is separate from, and more severe than, ordinary first degree murder. *Cf. Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999) (holding that three separate offenses were established by a criminal statute containing a regular sentencing provision and two extended sentencing provisions); *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (noting that New Jersey's extended sentencing statute turned a second degree offense into a first degree offense); *People v. Thurow*, 318 Ill. App. 3d 128 (2001) (noting that an extended sentencing provision for involuntary manslaughter stated a distinct offense), *appeal allowed*, 194 Ill. 2d 580 (2001). Of course Townsell only pled guilty to the offense with which he was charged—ordinary first degree murder. It would thus be fundamentally unfair to sentence him for a more severe offense.

The State has also moved to amend its request for relief by adding an alternate remedy. The proposed remedy is a remand for an "all-inclusive" resentencing hearing where the judge can consider all sentencing options, including another extended prison term. We took the State's motion with the case and now deny it for the foregoing reasons.

The highest penalty Townsell can receive for the offense to which he pled guilty is 60 years in prison. We thus vacate the extended portion of his sentence and, pursuant to our authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), modify his prison term to 60 years.

## CONCLUSION

The portion of the circuit court's judgment extending Townsell's prison term is vacated, and his sentence is modified to 60 years.

Vacated in part; sentence modified.

McDADE, P.J., and LYTTON, J., concur.