NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200320-U

NO. 4-20-0320

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 2, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| GERMARCO D. TATE, | ) | No. 19CF157 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Frank McCartney, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court vacated the conviction in count II, concluding defendant's convictions for home invasion in counts II and III violated the one-act, one-crime rule.

¶ 2    In October 2019, defendant, Germarco D. Tate, entered a negotiated plea of guilty to three counts of home invasion (720 ILCS 5/19-6(a)(3), (4) (West 2018)) (counts I, II, and III), and one count of residential burglary (720 ILCS 5/19-3(a) (West 2018)) (count IV).  Pursuant to the negotiated plea agreement, the trial court sentenced defendant to three, 32-year prison terms for counts I, II, and III and one 15-year prison term for count IV, with all sentences to run concurrently. In February 2020, defendant filed an amended motion to withdraw guilty plea and vacate judgment, which the trial court subsequently denied.

¶ 3        Defendant appeals, arguing his convictions on counts II and III for home invasion, being based upon a single entry into a single dwelling, violate the one-act, one-crime rule. We affirm in part and vacate the conviction in count II.

¶ 4                                I. BACKGROUND

¶ 5        On August 19, 2019, the State charged defendant with (1) home invasion, in that defendant, knowingly and without authority, entered the dwelling place of Janet E. Olsen and threatened to kill Olsen, and in doing so, defendant personally discharged a firearm, a Class X felony (720 ILCS 5/19-6(a)(4) (West 2018)) (count I); (2) home invasion, in that defendant, knowingly and without authority, entered the dwelling place of Albert L. Berry and Donna M. Hyde and, while armed with a firearm, used force against Berry where defendant struck Berry with the grip of the revolver causing injury to Berry's head, a Class X felony (720 ILCS 5/19-6(a)(3) (West 2018)) (count II); and (3) home invasion, in that defendant, knowingly and without authority, entered the dwelling place of Berry and Hyde and, while armed with a firearm, threatened the imminent use of force against Hyde where defendant put a gun to Hyde's head and said "he would shoot her if she did not tell them the [personal identification number (PIN)] to her debit card," a Class X felony (720 ILCS 5/19-6(a)(3) (West 2018)) (count III).

¶ 6        On September 23, 2019, the State charged defendant with residential burglary, in that defendant, knowingly and without authority, entered the dwelling place of Ethan and Susan Miller, with the intent to commit a theft therein, a Class 1 felony (720 ILCS 5/19-3(a) (West 2018)) (count IV).

¶ 7                                A. Guilty Plea

¶ 8        On October 22, 2019, defendant pleaded guilty to all four counts. In exchange for defendant's guilty plea, and pursuant to a fully negotiated agreement, defendant received a

sentence of 32 years each, for counts I, II, and III and a 15-year sentence for count IV, with all sentences to run concurrently. The State asserted a factual basis, in relevant part, as to counts II and III that Berry and Hyde would testify that in the early morning hours of August 16, 2019, three individuals armed with firearms entered their residence. Berry would testify an individual struck him with the grip of a revolver. Hyde would testify an individual "put a gun to her head and said he would shoot her if she did not give the PIN to her debit card." The State also provided that defendant admitted during a police interview that he participated in the home invasion and that he struck Berry, though he did not admit it was with a revolver. The trial court accepted the factual basis and determined defendant's plea to be knowing and voluntary. Subsequently, the court entered a judgment of conviction on all four counts and sentenced defendant in accordance with the terms of the negotiated plea agreement.

¶ 9                                    B. Postplea Proceedings

¶ 10       On November 14, 2019, defendant filed a *pro se* motion to withdraw guilty plea and vacate sentence. In the motion, defendant alleged, in relevant part, that the State charged him with two Class X felonies "on the same house—residence." At a November 26, 2019, hearing on defendant's motion, the trial court appointed new counsel to represent defendant.

¶ 11       On February 18, 2020, defendant filed an amended motion to withdraw guilty plea and vacate judgment. In the amended motion, defendant alleged (1) his guilty plea was involuntarily made, (2) he was denied effective assistance of counsel in violation of the United States Constitution and the Illinois Constitution, and (3) counsel's actions were so prejudicial to defendant that his guilty plea was not "knowingly, intelligently, or voluntarily given." Specifically, defendant asserted, "Count II and Count III violate the one[-]act[,] one[-]crime

rule." Defendant did not mention a violation of the one-act, one-crime rule in the attached affidavit.

¶ 12       On July 7, 2020, the trial court held a hearing on defendant's amended motion to withdraw guilty plea and vacate judgment. At the hearing, defendant did not testify but relied on his affidavit. The State presented testimony through defendant's plea counsel, Walker Filbert, and Pike County Sheriff David Greenwood. Following the State's evidence, defense counsel asserted, in relevant part, that he believed defendant's convictions for home invasion in counts II and III violated the one-act, one-crime rule and compared defendant's actions in counts II and III to a speeding violation. Specifically, defense counsel asserted defendant's actions in count II and count III were analogous to being clocked twice while committing a single speeding violation. The State did not address defense counsel's one-act, one-crime argument. Ultimately, the trial court denied defendant's amended motion to withdraw guilty plea and vacate judgment. The court did not address defendant's one-act, one-crime argument.

¶ 13       This appeal followed.

¶ 14                          II. ANALYSIS

¶ 15       On appeal, defendant argues his convictions for home invasion in counts II and III violate the one-act, one-crime rule because both counts are "based upon a single entry into a single dwelling." The State argues defendant forfeited his one-act, one-crime rule violation by failing to make a proper objection during his sentencing hearing. Further, the State appears to contend defendant waived this issue when he pleaded guilty and defense counsel agreed a factual basis existed to sustain the burden of proof as to counts II and III. Moreover, the State argues if we find defendant forfeited his claim, defendant cannot show plain error review is warranted

where defendant committed the home invasion in counts II and III with at least two other people. We review this issue below.

¶ 16                              A.  Forfeiture or Waiver

¶ 17        The Illinois Supreme Court has observed that Illinois law has tended to use the terms "waiver" and "forfeiture" interchangeably.  *People v. Morgan*, 385 Ill. App. 3d 771, 776, 896 N.E.2d 417, 421 (2008) (citing *People v. Blair*, 215 Ill. 2d 427, 443, 831 N.E.2d 604, 615 (2005)).  "The *Blair* court, however, pointed out important distinctions between these two terms, when used correctly.  'Waiver' means the voluntary relinquishment of a known right. [Citation.]" *Id.*  " 'Forfeiture' is defined as the failure to raise an issue in a timely manner, thereby barring its consideration on appeal.  [Citation.]" *Id.*  "Unless there is plain error, a voluntary guilty plea waives all non-jurisdictional errors including violations of constitutional rights." *Id.* (citing *People v. Billops*, 125 Ill. App. 3d 483, 484, 466 N.E.2d 304, 305 (1984)).

¶ 18        Here, we find defendant did not relinquish a known right by pleading guilty to counts II and III where nothing in the record suggests defendant was aware or informed at the time of his guilty plea that convictions on counts II and III were potentially impermissible under the one-act, one-crime rule.  Further, defense counsel's agreement as to the factual basis of each count did not waive this claim where defendant does not challenge whether there was a factual basis for each count but rather asserts the one-act, one-crime rule prohibits the entry of two convictions for a single act.  In this case, we find plain error applicable.  See *id.*

¶ 19        To preserve an error for consideration on appeal, a defendant must object to the error in the trial court and raise the error in a posttrial motion.  *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675.  Failure to do so constitutes forfeiture.  *Id.*  However, we may consider a forfeited claim where the defendant demonstrates a plain error occurred.  See Ill. S. Ct. R. 615(a)

(eff. Jan. 1, 1967). To prevail under the plain-error doctrine, defendant must first demonstrate a clear and obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007). If an error occurred, we will reverse only where (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Id.*

¶ 20 While defendant filed an amended motion to withdraw guilty plea and vacate sentence which included an alleged one-act, one-crime violation, defendant failed to object to the violation at his sentencing hearing. Thus, defendant forfeited this issue on appeal. See *Sebby*, 2017 IL 119445, ¶ 48. Accordingly, we examine whether a one-act, one-crime violation occurred. If a one-act, one-crime violation occurred, it is reversible error under the second prong of the plain-error doctrine. See *People v. Coats*, 2018 IL 121926, ¶ 10, 104 N.E.3d 1102 (citing *People v. Nunez*, 236 Ill. 2d 488, 493, 925 N.E.2d 1083, 1086 (2010)).

¶ 21 B. One-Act, One-Crime Violation

¶ 22 The "one-act, one-crime" doctrine provides that a criminal defendant may not be convicted of multiple offenses when those offenses are based on precisely the same physical act. *Id.* ¶ 11 (citing *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45 (1977)). "Whether a violation of the rule has occurred is a question of law, which we review *de novo*." *Id.* ¶ 12 (citing *People v. Robinson*, 232 Ill. 2d 98, 105, 902 N.E.2d 622, 626 (2008)).

¶ 23 In *People v. Cole*, 172 Ill. 2d 85, 101-02, 718 N.E.2d 1275, 1282-83 (1996), the Illinois Supreme Court held that, where a defendant made only one unauthorized entry into a single residence yet attacked two victims, the defendant could be convicted of only one count of

home invasion. In reaching its decision, the supreme court analyzed the language of the home invasion statute and found the legislature's "references to one or more persons in the dwelling signify that a single entry will support only a single conviction, regardless of the number of occupants." *Id.* at 102; see also 720 ILCS 5/19-6(a), 6(a)(3), 6(a)(4) (West 2018).

¶ 24 Subsequent to *Cole*, in *People v. Hicks*, 181 Ill. 2d 541, 544, 693 N.E.2d 373, 375 (1998), the supreme court addressed the question of how many home invasion convictions could stand when multiple defendants make a simultaneous unauthorized entry into a dwelling. Relying on *Cole*, the supreme court stated that "[i]f the number of persons present in a home does not increase the number of convictions, we do not believe that the number of entrants into a home provides a valid basis for increasing the number of convictions." *Id.* at 549. Accordingly, "when two convictions for home invasion result from a simultaneous unauthorized entry into a dwelling place by co-offenders, only one conviction can ultimately stand for the defendant; otherwise, the 'multiple convictions [would] violate[ ] the one-act, one-crime rule set forth in *King*.' " *People v. Carr-McKnight*, 2020 IL App (1st) 163245, ¶ 113, 166 N.E.3d 866 (quoting *Hicks*, 181 Ill. 2d at 549).

¶ 25 In accordance with the case law, we find defendant's convictions for home invasion in counts II and III violate the one-act, one-crime rule. Here, in counts II and III, defendant entered the shared residence of Berry and Hyde. While count II alleged defendant used force against Berry and count III alleged defendant threatened the use of force against Hyde, both counts involved defendant's single entry into Berry's and Hyde's shared residence. As a result, both of defendant's home invasion convictions are based on the same physical act, *i.e.*, one entry into the residence.

¶ 26       The State argues because defendant committed the acts of home invasion contained in count II and III with at least two other people, he may be held liable for both a home invasion that he personally committed and a home invasion for which he is accountable, even if those home invasions are based on a single entry into a single residence.  The State asserts the record shows defendant admitted to being present in Berry and Hyde's residence and striking Berry.  However, the State asserts nowhere in the record does it show defendant held the gun to Hyde's head.  The State's argument was rejected by the Illinois Supreme Court in *Hicks*.  As stated in *Hicks*, 181 Ill. 2d 549, an increase in the number of entrants into a dwelling does not result in an increase in the number of home invasion convictions.  Only one of the convictions can ultimately stand for defendant.

¶ 27       Where a one-act, one-crime error occurred, we find reversible error under the second prong of the plain-error doctrine.  See *Coats*, 2018 IL 121926, ¶ 10.  "When two convictions violate the one-act, one-crime doctrine, the sentence should be imposed on the more serious offense, and the less serious offense should be vacated."  *Carr-McKnight*, 2020 IL App (1st) 163245, ¶ 114 (citing *People v. Artis*, 232 Ill. 2d 156, 170, 902 N.E.2d 677, 686 (2009)).  If the punishments are identical, the reviewing court should consider which offense has the more culpable mental state.  *Artis*, 232 Ill. 2d at 170-71.  Here, counts II and III are the same offense and the concurrent sentences are for the same term.  Thus, we vacate the conviction in count II.

¶ 28                              III. CONCLUSION

¶ 29       For the reasons stated, we vacate the conviction in count II and otherwise affirm the judgment of the trial court.

¶ 30       Affirmed in part.