NOTICE

Decision filed 10/05/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220423-U

NO. 5-22-0423

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-CF-3607 |
| | ) | |
| ANTONIO R. PERKINS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie concurred in the judgment.
Justice Moore dissented.

**ORDER**

¶ 1   *Held*: We affirm the convictions and sentences where defendant's negotiated plea agreement precludes the requested relief on appeal.

¶ 2   Defendant, Antonio R. Perkins, appeals the denial of his motion to withdraw his guilty plea. He argues that his conviction for unlawful possession of a weapon by a felon must be vacated pursuant to the one-act, one-crime doctrine because it was based upon the same physical act as his conviction for armed habitual criminal. Although the State agrees, we find defendant is not entitled to the relief requested on appeal.

¶ 3                    I. BACKGROUND

¶ 4   On December 4, 2018, the State filed three counts against defendant regarding an incident where defendant discharged a handgun and caused an injury to David Cox. The first count charged

1

aggravated battery with a firearm, a Class X felony, in violation of section 12-3.05(e)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/12-3.05(e)(1) (West 2018)). The second count charged unlawful possession of weapons by a felon (UPWF), a Class 2 felony in violation of section 24-1.1(a) of the Code (*id.* § 24-1.1(a)), and the third count charged armed habitual criminal, a Class X felony, in violation of section 24-1.7(a) of the Code (*id.* § 24-1.7(a)), both of which premised on defendant's knowing possession of a handgun. On April 11, 2019, a grand jury returned an indictment on the same charges.

¶ 5    Proceeding *pro se*, defendant pled guilty to UPWF and armed habitual criminal in exchange for consecutive sentences of imprisonment for 10 years to be served at 50% and 6 years to be served at 85%, respectively, and the dismissal of the aggravated battery with a firearm charge, as well as another unrelated case, 18-CF-2533. The State provided the following factual basis.

¶ 6    On November 29, 2018, officers were dispatched to 814 Ridge Street, Alton, Illinois, and made contact with David Cox, who incurred a gunshot wound. Cox stated his roommate, Jerry Nichols, and defendant began to argue and thereafter a physical struggle ensured. Cox observed defendant pull a handgun from his waist area and discharge the weapon during the course of that struggle. Nichols provided a similar account of the events. The State also stated they would have presented certified copies of defendant's prior convictions for unlawful delivery of a controlled substance which occurred on January 9, 2002, and robbery which occurred on September 15, 1997.

¶ 7    After admonishing defendant in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) and finding the plea to be knowing and voluntary, the court accepted defendant's guilty plea, entered a judgment of conviction, and imposed the agreed-upon sentence.

¶ 8    Defendant subsequently filed a *pro se* petition for relief from judgment, alleging that his plea was procured by fraud and void because the court coerced defendant into taking the plea

2

without counsel and refused to appoint another lawyer when he "had to part ways with the first lawyer the court appointed." Defendant also filed a motion to reduce the sentence, arguing that he should have received one 16-year sentence to be served at 50% instead of two consecutive sentences with the 6-year sentence served at 85%.

¶ 9      The circuit court denied defendant's motion to reduce his sentence, stating that it did not have the authority to modify a sentence that was reached through a fully negotiated plea. As to the petition for relief from judgment, the court recharacterized the petition as a motion to withdraw the guilty plea and denied the motion. It explained that defendant freely and voluntarily chose to proceed *pro se*, as was his right, and that the court in no way made any statements on whether defendant should or should not have taken the plea deal. The court stated that defendant never requested to speak to an attorney to discuss the plea deal, and had he done so, the court would have continued the matter to allow defendant time to consult an attorney.

¶ 10      Defendant appealed, arguing that the circuit court erred in denying the motions without appointing counsel or holding a hearing, as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We vacated the circuit court's judgment and remanded the case for strict compliance with Rule 604(d). *People v. Perkins*, No. 5-19-0443 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11      Two days after the first direct appeal was resolved, on May 19, 2021, defendant filed a document entitled "Affidavit for Petition for Relief from Judgment." The affidavit raised several concerns, including that the sentencing scheme was unconstitutional and violated the due process and equal protection clauses of the state and federal constitutions. It further argued that defendant's sentence violated the double jeopardy clauses of the state and federal constitutions because the convictions for UPWF and armed habitual criminal were based on the same conduct.

3

¶ 12    On March 8, 2022, newly appointed counsel filed an amended motion to withdraw the guilty plea. The motion alleged the use of the 1997 robbery, as the predicate offense for the armed habitual criminal conviction, was improper where it occurred over 22 years prior to the guilty plea in this case. It also argued that the court did not substantially comply with Rule 402 where it failed to inquire whether defendant suffered any mental illness, and as a result defendant entered into a plea he did not understand due to the nature of his mental health. Counsel filed a Rule 604(d) certificate.

¶ 13    On May 16, 2022, defendant sent a letter, *pro se*, to the court, asking for an update on his motion to withdraw his guilty plea. In the letter, defendant contended that he found caselaw regarding the one-act, one-crime doctrine that renders his conviction for UPWF unconstitutional. Defendant requested the court take the argument in consideration and vacate his conviction and 10-year sentence for UPWF.

¶ 14    The court entered an order on June 9, 2022, denying defendant's motion to withdraw his guilty plea. The order made no mention of defendant's May 2022 letter or the argument therein. Defendant timely appealed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant abandons all of the arguments presented in his motion to withdraw and instead contends his conviction for UPWF must be vacated under the one-act, one-crime doctrine. The State agrees with defendant and concedes vacating defendant's conviction for UPWF is appropriate. We find defendant's fully negotiated plea precludes the requested relief on appeal.

¶ 17    The one-act, one-crime doctrine prohibits multiple convictions for multiple offenses based on the same physical act. *People v. Coats*, 2018 IL 121926, ¶ 11. Where multiple convictions have

4

been imposed in violation of the one-act, one-crime doctrine, the court must vacate all but the most serious offense. *People v. Johnson*, 237 Ill. 2d 81, 97 (2010).

¶ 18 Our supreme court devised a two-step analysis for determining whether a one-act, one-crime doctrine violation has occurred. *Coats*, 2018 IL 121926, ¶ 12. First, the court determines whether the defendant's conduct constituted a single act or multiple acts. *Id.* If there is a single act, multiple convictions are improper. *People v. Harvey*, 211 Ill. 2d 368, 391 (2004).

¶ 19 As the parties agree, here, both charging instruments and the factual basis the State provided for the guilty plea demonstrate that defendant's convictions were based on the same physical act—possession of a single handgun during an altercation on November 29, 2018. Accordingly, both the UPWF and armed habitual criminal convictions were based on the same act.

¶ 20 The parties acknowledge defendant failed to raise this argument in his motion to withdraw his guilty plea but assert one-act, one-crime violations are second prong plain error and immune from forfeiture. We do not dispute Illinois courts have long established that one-act, one-crime violations are second prong plain error. *People v. Artis*, 232 Ill. 2d 156, 165-66 (2009); *Coats*, 2018 IL 121926, ¶ 10. However, the parties—and their cited authorities—fail to fully consider the impact of defendant's guilty plea under these circumstances.

¶ 21 "Negotiated guilty pleas are the result of an agreement between the State and defendant, in which both parties benefit and make concessions." *People v. Reed*, 2020 IL 124940, ¶ 25. As such, plea agreements are—to some extent—controlled by contract law principles. *People v. Evans*, 174 Ill. 2d 320, 326 (1996). "The main concern when a negotiated guilty plea is challenged is that each party receive the benefit of its bargain." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 24.

¶ 22 In accordance with contract law principles, Illinois courts have long held that defendants "may seek to modify the terms of a fully negotiated guilty plea only by withdrawing that plea and

vacating the judgment, thereby returning the parties to the status quo ante." *People v. Absher*, 242 Ill. 2d 77, 87 (2011). To hold otherwise risks gamesmanship of holding one party to its obligations under the bargain while allowing the other party to avoid its own obligations. *Id.* at 88-89; *People v. Linder*, 186 Ill. 2d 67, 74 (1999). "Such a practice flies in the face of contract law principles. [Citation.] It is also inconsistent with constitutional concerns of fundamental fairness." *Evans*, 174 Ill. 2d at 327. Such principles apply where the modification is of a condition that goes " ' "hand in hand" as material elements of the plea bargain.' " *Absher*, 242 Ill. 2d at 87 (quoting *Evans*, 174 Ill. 2d at 332); see also *People v. Diaz*, 192 Ill. 2d 211, 225 (2000).

¶ 23    Because defendant's conviction and sentence for both offenses were undoubtedly a material element of the plea bargain, the proper remedy for the alleged error in entering one of the convictions is withdrawal of the plea, placing the parties back to the status quo. However, in this appeal, defendant only requests vacation of his unlawful possession of a weapon conviction.

¶ 24    In support of his position, defendant cites *People v. Moshier*, 312 Ill. App. 3d 879, 880 (2000), but we find it distinguishable. Unlike the instant case, there is nothing in *Moshier* to conclude that the defendant's plea was fully negotiated. There was no indication that the State dismissed any charge or made sentencing concessions. The same concerns regarding fairness and benefits of the bargain therefore did not apply. See *People v. Lumzy*, 191 Ill. 2d 182, 187 (2000) (contract law principles do not prevent a defendant from challenging a term that was not discussed in the plea agreement).

¶ 25    Moreover, the defendant in *Moshier* was sentenced to five years' imprisonment for each of his two convictions, to be served concurrently. *Moshier*, 312 Ill. App. 3d at 880. As such, vacating one of the convictions would not have resulted in gamesmanship where the State did not receive the benefit of its bargain. As such, *Moshier* is distinguishable.

6

¶ 26   However, we acknowledge caselaw supports the parties' position. *People v. Tate*, 2022 IL App (4th) 200320-U, ¶¶ 17-18 (vacated a defendant's conviction under the one-act, one-crime doctrine although he entered a fully negotiated plea); *People v. Parnell*, 2022 IL App (4th) 210162-U, ¶ 14 (vacated a defendant's conviction under the one-act, one-crime doctrine although he entered a fully negotiated plea); *People v. Johnson*, 200 Ill. App. 3d 1018, 1021-22 (1990). To the extent that such caselaw is not distinguishable, we find them ill-reasoned based on the applicable contract law principles addressed above. Neither *People v. Tate*, 2022 IL App (4th) 200320-U, nor *People v. Parnell*, 2022 IL App (4th) 210162-U, addresses the relevant contract law principles or their impact on such circumstances.

¶ 27   While *People v. Johnson*, 200 Ill. App. 3d 1018 (1990), briefly discussed the applicability of contract principles to negotiated pleas, its decision was based on a now abrogated principle that an order is void when the court acts outside of its authority. *Id.* at 1021-22 (citing *People v. Perruquet*, 181 Ill. App. 3d 660 (1989)). Since then, the Illinois Supreme Court has disavowed the void sentence rule and clarified that a conviction and sentence is void only where the court lacked jurisdiction over the proceedings. See *People v. Castleberry*, 2015 IL 116916, ¶ 11. Accordingly, we find *Johnson* is neither instructive nor precedential.[1]

¶ 28   Moreover, *Johnson*'s analysis of this issue was sparse. It provided no justification for allowing a defendant to unilaterally change his plea agreement to his benefit, and instead cited *People v. Kujawa*, 132 Ill. App. 3d 828 (1985). We, however, find *Kujawa* is not supportive.

---

[1]We moreover note that even before *Castleberry*, where there was no claim that defendant did not receive the benefit of his bargain, the Illinois Supreme Court limited relief of an error in a negotiated plea to allowing a defendant to withdraw his plea. Compare *People v. White*, 2011 IL 109616, ¶ 31 (remanded where the negotiated plea included a sentence outside the statutory boundaries "to allow defendant to withdraw his guilty plea and proceed to trial, if he chooses"), with *People v. Whitfield*, 217 Ill. 2d 177, 202-03 (2005) (where defendant did not receive the benefit of his bargain due to mandatory supervised release period, court reformed the plea agreement to conform the intent of the parties).

¶ 29 Like *Moshier*, it is not apparent that *Kujawa* involved a negotiated plea, and therefore the same concerns regarding contract law principles and fairness are not present. Moreover, *Kujawa* did not discuss the impact of a negotiated plea or the relevant contract law principles. We therefore find *Kujawa* is inapplicable in cases where a defendant attempts to unilaterally alter a negotiated plea and decline to follow *Johnson*.

¶ 30 We must adhere to the long-standing Illinois Supreme Court precedent applying contract principles to cases in which a defendant attempts to modify a material element of the plea agreement. *Absher*, 242 Ill. 2d at 87-88 (collecting cases). Accordingly, the only remedy defendant is entitled to is the withdrawal of his plea. *People v. Johnson*, 2019 IL 122956, ¶ 47 ("defendant's recourse under Rule 604(d) was to seek to withdraw the plea and return the parties to the status quo as it existed prior to the acceptance of the plea").

¶ 31 While defendant filed the necessary motion to withdraw, the basis of the request was not the one-act, one-crime doctrine. The May 2016 letter apprised the court of the one-act, one-crime violation, but we disagree with the dissent that the letter requested withdrawal of defendant's plea on this basis. Defendant mentioned the motion to withdraw at the beginning of the letter and only in relation to defendant's complaint that he had no ruling on the motion 62 days after the hearing although the court stated it needed 30 days. He then explained, since the hearing, he discovered his UPWF conviction should be vacated under the one-act, one-crime doctrine. The next sentence asks the court to "take this into consideration and make the proper correction." Accordingly, the letter requests the same relief as defendant requests on appeal, vacating his UWPF conviction.

¶ 32 Defendant at no time, in the lower court or on appeal, requested withdrawing his plea based on the one-act, one-crime doctrine. Nor did defendant allege that he would not have pled guilty had he known of the one-act, one-crime doctrine. We, as the dissent, believe contract defenses and

8

a one-act, one-crime violation could be sufficient bases to withdraw a plea in some circumstances. Defendant here simply does not request this relief. Because the only requested relief in this appeal would fly in the face of contract law principles applicable to negotiated pleas, we affirm the convictions and sentences. See *People v. Snyder*, 2011 IL 111382, ¶ 33.

¶ 33                                III. CONCLUSION

¶ 34    Contract law principles applicable to negotiated pleas preclude defendant's requested relief. We therefore affirm his convictions and sentences.


¶ 35    Affirmed.

¶ 36    JUSTICE MOORE, dissenting:

¶ 37    I respectfully dissent. I agree with the defendant, and with the State on appeal, that the defendant is entitled to relief in this case. I do not agree with my colleagues that the defendant did not attempt to raise the one-act, one-crime issue in the circuit court. As the majority points out, the defendant sent a letter, *pro se*, to the circuit court on May 16, 2022, in which he tried (admittedly inartfully, which is not surprising as he was acting *pro se*) to alert the circuit court to the one-act, one-crime issue, and in which he asked the circuit court to take that issue into consideration when ruling on his motion to withdraw his guilty plea. It appears that the circuit court was not aware of this letter, because, as the majority points out, the court did not address the letter, or even mention it, when rendering its ruling. Accordingly, I believe this court should vacate the circuit court's order denying the defendant's motion to withdraw his guilty plea and should remand for further proceedings at which the parties may make arguments related to the application of the one-act, one-crime rule to this case. Because the circuit court has not yet considered this issue, I do not believe it is appropriate for us to do so, particularly in a manner that results in making a ruling that

9

is contrary to the wishes of both parties. Accordingly, I decline to join the reasoning and decision of my colleagues in this case. I also do not believe that we can adequately consider the application of contract law principles to this case without concomitantly examining possible contract law defenses (such as mutual mistake, and the question of the enforceability of contracts that are contrary to public policy or violate the law) that may be applicable, and that the parties have not been afforded the opportunity to brief in this case. For these reasons, I respectfully dissent.