NOTICE
Decision filed 03/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250033-U

NO. 5-25-0033

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-CF-3607 |
| | ) | |
| ANTONIO PERKINS, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HACKETT delivered the judgment of the court.
Justices Vaughan and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Postconviction counsel provided unreasonable assistance by failing to amend the defendant's postconviction petition to avoid procedural default.

¶ 2    The defendant, Antonio Perkins, appeals from the dismissal of his postconviction petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). The defendant argues that the dismissal was error because he made a substantial showing of a constitutional violation that his conviction for unlawful possession of a weapon by a felon (UPWF) violated the one-act, one-crime rule. The defendant also argues, in the alternative, that postconviction counsel provided unreasonable assistance for failing to amend the postconviction petition to avoid procedural default. The State agrees with the defendant but asks that, in the

1

interest of judicial economy, we vacate the conviction. For the reasons that follow, we reverse and remand for second-stage postconviction proceedings.

¶ 3                                    I. BACKGROUND

¶ 4       In July 2019, the defendant, proceeding *pro se*, entered into a fully negotiated guilty plea to UPWF (720 ILCS 5/24-1.1(a) (West 2018)) and armed habitual criminal (*id.* § 24-1.7(a)). As part of the plea agreement, the State dismissed the charge of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)). Also, the defendant was sentenced to consecutive terms of 10 years in prison for UPWF (to be served at 50%) and 6 years in prison for armed habitual criminal (to be served at 85%). The defendant's convictions were based on the same physical act—possession of a single handgun during a November 29, 2018, altercation. See *People v. Perkins*, 2023 IL App (5th) 220423-U, ¶ 19. However, the defendant, who was acting *pro se*, was not admonished by the trial court that his plea negotiations with the State had resulted in a negotiated plea that violated, on its face, the one-act, one-crime rule and thus resulted in an impermissible sentence. See *People v. Morgan*, 385 Ill. App. 3d 771, 774-75 (2008); see also *People v. West*, 2017 IL App (1st) 143632, ¶¶ 24-25.

¶ 5       Thereafter, in August 2019, the defendant filed a *pro se* petition for relief from judgment and a *pro se* motion to reduce his sentence. Thereafter, the trial court characterized the petition for relief from judgment as a motion to withdraw guilty plea and denied both of the defendant's *pro se* motions. The defendant then appealed, arguing that the trial court erred in denying the motions without appointing counsel or holding a hearing, as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). This court agreed with the defendant, vacated the trial court's judgment, and remanded the case for strict compliance with Rule 604(d). *People v. Perkins*, No. 5-19-0443 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

2

¶ 6      Following the first direct appeal, the defendant filed, in May 2021, a *pro se* "affidavit for petition for relief from judgment," in which he argued, in pertinent part, that his sentence violated the double jeopardy clauses of the state and federal constitutions because the convictions for UPWF and armed habitual criminal were based on the same conduct. Thereafter, the defendant was appointed counsel for the proceedings on remand, and on March 8, 2022, the defendant's counsel filed an amended motion to withdraw the guilty plea. This motion did not mention the defendant's argument that his sentence violated double jeopardy. Also, in a May 2022, *pro se* letter filed with the trial court, the defendant indicated his UPWF conviction should be vacated because it was based on the same physical act as his armed habitual criminal conviction in violation of the one-act, one-crime rule. In June 2022, the trial court denied the defendant's motion to withdraw his guilty plea. Thereafter, the defendant appealed.

¶ 7      The defendant's sole argument on appeal was that his UPWF conviction must be vacated under the one-act, one-crime rule because it was based on the same physical act as his conviction for armed habitual criminal. *Perkins*, 2023 IL App (5th) 220423-U, ¶ 2. Despite the State's agreement that the UPWF conviction should be vacated, this court affirmed, finding that contract law principles applicable to negotiated pleas precluded the defendant's requested relief of vacating his UPWF conviction. *Id.* ¶¶ 30-32. This court found that the only remedy available to the defendant was withdrawal of his guilty plea on the basis of the one-act, one-crime doctrine, but the defendant failed to request that relief in his motion to withdraw guilty plea and in his appeal. *Id.*

¶ 8      On June 14, 2022, while the appeal was pending, the defendant filed a *pro se* petition for postconviction relief. On July 29, 2022, due to the defendant putting the wrong case number on the first petition, the defendant filed a motion for leave to file a successive postconviction petition

and an amended postconviction petition. In the motion, the defendant asserted that his convictions and sentences violated the one-act, one-crime doctrine. On August 8, 2022, the trial court entered an order, finding that the defendant's *pro se* petition was not frivolous or patently without merit, advancing the petition to the second stage of the postconviction proceedings, and appointing counsel for the defendant.

¶ 9    On March 27, 2023, while the appeal was still pending, the defendant's appointed counsel filed an amended petition for postconviction relief, reiterating the defendant's claim that the UPWF conviction and the armed habitual criminal conviction were based on the same act and thus violated the one-act, one-crime doctrine. In addition, the defendant asserted that his postplea counsel was ineffective for failing to raise this argument in the defendant's motion to withdraw guilty plea, even though the defendant had previously filed his May 2022 letter bringing this issue to the trial court's attention. Attached to the petition was the defendant's affidavit, in which he stated that at the time that he entered into his guilty plea, he did not know about the one-act, one-crime principles and thus could not have made a knowing and voluntary waiver of his rights under that doctrine.

¶ 10    On May 26, 2023, the State filed an answer to the defendant's amended postconviction petition, noting that in the simultaneous appeal, the State's appellate counsel conceded that the defendant's less serious conviction (the UPWF conviction) must be vacated based on the one-act, one-crime rule. Thus, in the postconviction proceedings in the trial court, the State also conceded that "the less-serious [UPWF] conviction with a sentence of 10 year[s] [should] be vacated."

¶ 11    After this court issued its decision affirming the defendant's convictions in the direct appeal, in January 2024, the defendant filed a second amended postconviction petition. The petition again argued that at the time that the defendant entered into the guilty plea, he was acting

4

*pro se*, and he did not knowingly and voluntarily enter into the guilty plea because he was unaware of the one-act, one-crime rule. The petition also argued that postplea counsel was ineffective for failing to raise, on remand, this issue in the motion to withdraw guilty plea. Thus, the petition requested that the trial court vacate the defendant's UPWF conviction, or alternatively, allow him to withdraw his guilty plea. Also, the State filed a motion to dismiss the defendant's postconviction petition based on this court's decision in *People v. Perkins*, 2023 IL App (5th) 220423-U. Specifically, the State contended that because the defendant had alleged the identical violation of the one-act, one-crime doctrine in his amended postconviction petition as he did in his appeal, his amended postconviction petition "must be dismissed pursuant to contract principles as instructed by the Fifth District Appellate Court."

¶ 12    On December 20, 2024, the trial court granted the State's motion to dismiss the defendant's postconviction petition. In making this decision, the trial court concluded that the one-act, one-crime argument was barred by the doctrine of *res judicata* because this issue had been raised and addressed in the direct appeal. The trial court also found that the defendant's ineffective assistance of postplea counsel claim was not raised in the direct appeal, although the trial court noted that it could have been and arguably the doctrine of waiver applied. The trial court further concluded that after considering the arguments of counsel, the applicable law and statutes, and the transcripts of the proceedings, the defendant failed to make a substantial showing that his constitutional rights had been violated. The defendant filed a timely notice of appeal.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, the defendant contends that the trial court erred in granting the State's motion to dismiss where he had made a substantial showing that postplea counsel was ineffective for failing to withdraw his guilty plea on the basis that he unknowingly and involuntarily pled guilty

5

to convictions that violated the one-act, one-crime doctrine. Alternatively, the defendant argues that he was denied reasonable assistance of postconviction counsel where counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The State agrees that the defendant's convictions violated the one-act, one-crime doctrine and asks that we reconsider our previous decision and vacate the defendant's UPWF conviction. In the defendant's reply brief, he notes that he is scheduled to be released on October 19, 2026, but he has already completed his sentence on the armed habitual criminal conviction.[1]

¶ 15    As we are bound by this court's previous decision under the law of the case doctrine, and the case before us stems from a collateral attack on the defendant's convictions, rather than a continuation of the original case, we find that we do not have the authority to now simply vacate the defendant's UPWF conviction. See *People v. Peterson*, 2017 IL 120331, ¶ 25 (the law of the case doctrine bars relitigation of an issue previously decided in the same case). We do find, however, that the defendant's postconviction counsel provided unreasonable assistance by failing to comply with Rule 651(c). Because we find the defendant's alternative argument to be dispositive, we need not address whether the trial court erred in granting the State's motion to dismiss.

¶ 16    The Act allows a criminal defendant to challenge his conviction for substantial violations of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020). The Act establishes a three-stage process for the adjudication of postconviction petitions. *People v. Domagala*, 2013 IL 113688, ¶ 32. If a petition is not summarily dismissed at the first stage, it advances to the second stage,

---

[1]See https://idoc.illinois.gov/offender/inmatesearch.html (last visited Mar. 4, 2026); *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66 (this court can take judicial notice of the Illinois Department of Corrections' website).

where an indigent defendant can obtain appointed counsel, and the State can move to dismiss the petition or answer. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020).

¶ 17    As the right to postconviction counsel is wholly statutory, a postconviction defendant is only entitled to the level of assistance provided by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires postconviction counsel to provide a reasonable level of assistance to defendant. *Id.* Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) imposes certain duties on postconviction counsel to ensure reasonable assistance. *Turner*, 187 Ill. 2d at 410. Specifically, Rule 651(c) requires postconviction counsel to (1) consult with the defendant to ascertain his contentions of deprivation of constitutional rights, (2) examine the record of trial proceedings, and (3) amend the petition as necessary for an adequate presentation of the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 18    Where postconviction counsel files a certificate pursuant to Rule 651(c), as in this case, there is a rebuttable presumption that counsel provided reasonable assistance. *Id.* ¶ 19. However, "[c]ounsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance." *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33. If the record shows counsel failed to meet one of Rule 651(c)'s requirements, the presumption is rebutted, and there is no compliance with Rule 651(c). See *People v. Johnson*, 154 Ill. 2d 227, 248-49 (1993). The defendant has the burden of overcoming the presumption by demonstrating postconviction counsel failed to substantially comply with the duties mandated by Rule 651(c). *Profit*, 2012 IL App (1st) 101307, ¶ 19. Failure to comply with Rule 651(c) requires reversal regardless of whether the petition's claims have merit. *People v. Addison*, 2023 IL 127119, ¶ 33. We review *de novo* the

question of whether postconviction counsel substantially complied with Rule 651(c). *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 19    As previously stated, under Rule 651(c), postconviction counsel has a duty to make necessary amendments to adequately present the defendant's contentions. *Johnson*, 154 Ill. 2d at 243. An adequate presentation of a defendant's substantive claims necessarily includes attempting to overcome procedural bars that will result in dismissal of the petition if not rebutted. *People v. Perkins*, 229 Ill. 2d 34, 44 (2007). Thus, postconviction counsel's failure to amend a postconviction petition to avoid forfeiture renders counsel's assistance unreasonable. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 25-26.

¶ 20    Here, the defendant's postconviction counsel alleged that postplea counsel was ineffective for failing to raise the one-act, one-crime issue in the defendant's motion to withdraw guilty plea. Although this issue could have been raised on direct appeal, it was not. As such, the defendant is procedurally barred from asserting this issue in the postconviction proceedings. *People v. Erickson*, 161 Ill. 2d 82, 89 (1994). However, a claim that appellate counsel was ineffective for failing to raise the claim on direct appeal would have avoided the procedural default. *Turner*, 187 Ill. 2d at 413. Thus, in this case, postconviction counsel was required to allege appellate counsel's ineffectiveness in failing to raise the claim on direct appeal. Since postconviction counsel failed to argue appellate counsel's ineffectiveness in the amended postconviction petition, counsel failed to make all necessary amendments to adequately present the defendant's claims. Accordingly, counsel failed to comply with Rule 651(c), which requires reversal regardless of whether the defendant's claims have merit. *Addison*, 2023 IL 127119, ¶ 33. Because we resolve this appeal based on noncompliance with Rule 651(c), we need not address the propriety of the trial court's order granting the State's motion to dismiss. See *Mason*, 2016 IL App (4th) 140517, ¶ 26; *Addison*,

8

2023 IL 127119, ¶ 37 ("*all* postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined" (emphasis in original)).

¶ 21    It is the State's duty to see that justice is done for the public, as well as for the defendant. *In re Derrico G.*, 2014 IL 114463, ¶ 107. Even though the defendant's requested relief is precluded, the State may, on remand, review the UPWF conviction and determine if any other correctives are available and should be pursued. See *People v. Buffkin*, 2016 IL App (2d) 140792, ¶ 14.

¶ 22                                    III. CONCLUSION

¶ 23    For the above reasons, we reverse the judgment of the trial court of Madison County dismissing the defendant's amended postconviction petition at the second stage and remand for new second-stage proceedings, after the appointment of new postconviction counsel with leave to amend the defendant's petition. We also direct the clerk to issue the mandate immediately.

¶ 24    Reversed and remanded.